## GREEN v. THE JACKSON WATER COMPANY, J. B. BAYERQUE, (INTERVENOR.)

Where a civil engineer's lien for work done for the defendants in the construction of a canal or ditch, was filed in the recorder's office of the county where the ditch is located, on the 6th day of May, 1856, and suit was not commenced to enforce the lien until the 26th day of January, 1857: *Held,* that the time fixed by statute for the enforcement of the lien had expired before the commencement of the suit, and that the plaintiff was not entitled to a judgment giving a lien upon the property.

Where a complaint was filed on the 30th day of October, 1856, and no summons was issued thereon, and an amended complaint was filed on the 26th of January, 1857, and summons issued thereon: *Held,* that the suit was not commenced until the issuing of the summons.

APPEAL from the District Court of the Fifth Judicial District, County of Amador.

George W. Green brought suit to recover of the Jackson Water Company, a corporation doing business in the county of Amador, the sum of $1952 91-100, for labor, as civil engineer, performed in the construction of a certain water-race, ditch, or canal, in the county of Amador, and to enforce a laborer's lien against the ditch for that amount. The labor was performed

Green v. The Jackson Water Company.

between the 11th day of July, 1855, and the 10th day of March, 1856. The lien was filed in the county recorder's office of Amador county, on the 6th day of March, 1856. On the 30th day of October, 1856, plaintiff filed his complaint in the clerk's office of the District Court of that county, against the corporation, to enforce the lien, but no summons was issued thereon. On the 26th day of January, 1857, plaintiff filed an amended complaint, and summons was duly issued thereon and returned "served." The defendants making no appearance in said cause, a default was taken before the clerk. At the next term of the Court, (February Term, 1857,) J. B. Bayerque, by leave of the Court, intervened in the action—averring, in his petition of intervention, that he is the owner and in possession of the property upon which the plaintiff claims a lien, and that plaintiff has no legal lien on the same. He further avers that plaintiff did not commence this suit, to enforce the lien, within six months after the filing his lien in the office of the county recorder.

After the close of the testimony of plaintiff, the intervenor's counsel moved for a nonsuit, on the ground that this suit was not commenced within six months after the filing of the lien, which motion was overruled, and intervenor excepted. Judgment was given for the plaintiff, establishing the lien against the property. Intervenor moved for a new trial, which was denied, and he appealed to this Court.

*W. W.. Cope* for Appellant.

1. The nonsuit should have been granted. Proof that the suit was commenced within six months after the lien was filed, was necessary to entitle the respondent to recover. Wood's Digest, 538, § 6; Statutes 1855, 158, § 7.

2. The decision of the Court is not sustained by the law and the facts of the case. The lien claimed by the respondent, if it ever existed, expired and ceased to exist before the commencement of the suit to enforce it. The suit was commenced at the time of issuing the summons. Wood's Digest, 170, § 22; Burrill's Prac., 223, 227; Johnson v. Comstock, 6 Hill, 10; Edmonstone v. Thomson, 15 Wend., 554.

*Smith & Hardy* for Respondent.

Cited Wood's Digest, 170, § 22; Mechanics' Lien, Acts 1855, § 7.

TERRY, C. J., delivered the opinion of the Court—BALDWIN, J., and FIELD, J., concurring.

In this cause, suit not having been commenced until the time prescribed by the statute for the enforcement of mechanics' liens had expired, that portion of the judgment which gives a lien upon the property is reversed.