## ALGIER *v.* THE STEAMER MARIA.

THAT a jury has just tried a case involving the liability of defendant for a similar cause of action, depending on the same general considerations, does not render the jury incompetent to sit in the subsequent case.

So with regard to an individual juror.

Where, in an action against a steamer for setting fire to plaintiff's fence, the jury was instructed, among other things, to find specially as to the negligence of the captain or crew of the steamer, and they found generally for plaintiff, four hundred dollars damages ; and, also, that the steamer's spark-catcher was not sufficient to prevent the sparks from communicating with the shore and endangering property, the verdict was held good in the absence of any objection at the time of its rendition, that it was not responsive to the special direction.

Probably the finding, apart from the general verdict, was a finding of negligence, for an insufficient spark-catcher is hardly distinguishable from none at all ; and this is proof of negligence.

*Gerke* v. *California Nav. Co.* (9 Cal.) quoted.

There being *some* proof of negligence, the Supreme Court will not review the verdict.

APPEAL from the Tenth District.

Action of damages against defendant for negligence, by which sparks of fire escaped from the chimney of the steamer while she was navigating Feather River, and burned up one mile of plaintiff's fence along the bank of the river.

On the trial a jury from the regular panel being called, defend-

ant objected to the panel, on the ground that they had just passed upon a similar case between the same plaintiff and others against the same defendant, for burning the grain of plaintiffs on the same day the fence was burned, and that they were not fair and impartial, but had formed and expressed an opinion. The Court overruled the objection.

The jurors being then called separately were asked whether they had formed or expressed an opinion. Several answered that they had, if the facts were the same as proven on the former trial. But, on being interrogated by the Court, they answered that they had formed their opinion on the other case.

Whereupon the defendant challenged the jurors for cause.

Defendant appeals from a judgment for plaintiff.

*Goodwin & Wheeler*, for Appellant.

1. The Court erred in refusing to excuse the panel called to try this cause, because, on the day previous, they tried the case of Algier (this plaintiff) and others against the steamer Maria, (this defendant,) on a charge of burning the grain, etc. of Algier and others, at the same time and place, and in the same manner, being the same transaction as that charged in this case, and had adjudged the steamer guilty.

2. The Court erred in receiving the verdict, because it did not find upon the special interrogatories asked by defendant and directed by the Court.

*Bryan & Filkins*, for Respondent.

1. The first error assigned is " the Court erred in refusing to excuse the panel called to try this cause."

In answer, I say it was not in the power of the jury or the Court to know what the facts in this case were. The answer of the jurors showed a mere hypothetical opinion, and such an opinion is no ground for challenge, as is settled by numerous authorities. (2 Green's N. J. 195; 8 Johns. 445; 12 Vt. 619; 1 Scam. 513; 4 How. Miss. 330, and cases cited.)

2. The general verdict necessarily embraced the special finding asked for by the defendant, for the issue was negligence; and if the jury had not found that the defendant was guilty of negligence, then it was not liable in damages; and in finding for

plaintiff and assessing damages, they found on all the issues in the case, viz : that the plaintiff's fence had been destroyed, and by defendant, and that it was caused by his carelessness and negligence.

Where the evidence is conflicting the verdict will not be disturbed. (*Brown* v. *Smith*, 10 Cal. 398 ; *Escole* v. *Merle*, 9 Id. 94 ; *Griswold* v. *Sharpe*, 2 Id. 17 ; *Bartlett* v. *Hayden*, 3 Id. 55 ; *Davis* v. *Smith*, 2 Id. 476.)

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

Several points are made by the Appellant.

1. The first is, that a jury having tried a case involving the liability of the defendant for a similar cause of action depending upon the same general considerations, were incompetent to sit in this case against the objection of the defendant. The more specific grounds of objection to the panel were, that the defendant had been sued for negligence in several cases, the consequence of which negligence, as alleged, was the setting on fire and burning property, on or near the banks of the river, navigated by defendant.

We do not see how the Court could determine in advance of the development of the facts that the questions involved in this case were to be the same as in the case before tried by the jury. They might or might not have been. The opinion expressed or implied by the jury in their verdict, was merely hypothetical. It was merely the conclusion they drew from the facts in evidence, and the law given them in charge in the particular case before them. It would be absurd to say that, if he had rendered a verdict a year before upon facts before them going to establish, or which they supposed established, the liability of a steamer for acts of negligence, they could not now sit upon a case which might involve the same liability; and the question is not different merely because the first trial was immediately before the last. The jury could not possibly know what facts would be brought out in the case, nor what the argument of counsel would be, nor what the rulings of the Court. It does not follow that A, in his suit with B, will introduce the same proof or his counsel conduct the suit in the same way that a previous party

has done in a case somewhat similar in its general features.  If one plaintiff sues a Sheriff for not making the money on an execution, and the jury find for plaintiff, and if a dozen other plaintiffs should afterward sue for similar malfeasance, it would scarcely be contended that a juror was incompetent in every case after the first.  We think the Court did not err in overruling the objection to the panel. · A conclusive reason is, that the mere suggestion by the counsel that the jury had just passed on a similar case, could not be noticed by the Court, as the Court could not possibly know that the case then before it was, or was to be, similar to one just tried.

2. The objection to the jurors, individually, failed for the same cause; for though the juror knew his opinion in the case tried by him, he could not know that the next was, or was to be, like it; and the mere suggestion of counsel was not proof of this fact, either to Court or jury; and there seems to be no other showing.

3. The next error assigned is, that the jury failed to respond to a special direction given by the Court to them, viz: To say whether any carelessness or negligence had been proved as against the captain, or commander, or crew, of the steamer Maria, on the 25th June, 1858.  The jury found a general verdict for the plaintiff, and assessed damages at four hundred dollars; they also found, "that the steamer Maria had a spark-catcher, but not sufficient to prevent the sparks or fire from communicating the same to the shore and endangering the property on the banks of the stream."

Defendant did not object to this verdict when it was returned, *because* it was not responsive to the directions of the Court; but the record merely states that the defendants objected to the entry of the verdict, (when not stated,) but they did not ask that the jury be sent back to give a more specific and direct response to the issue presented to them.

We see no force in the objection urged to the verdict on this score.  The jury had found for the plaintiff, and assessed his damages; they found, also, that the spark-catcher was not sufficient for its purpose.  The only question which was mooted in the case, was the general question of negligence, and this question was made to depend, by the facts of the case, on the suffi-

ciency of this spark-catcher to prevent the fire escaping from the boat consuming the property on the bank of the river. Taking the two findings together—that the plaintiff was entitled to recover, and that the spark-catcher was not sufficient to prevent the fire from communicating with the shore, and endangering the property—in the absence of a specific objection made upon the return of the verdict to it upon the ground that it did not directly and unequivocally respond to the question or negligence, the objection of the defendant cannot be sustained. The general verdict for the plaintiff, *prima facie*, was enough for him, and involved a finding of negligence; and *if the form* of the other finding was objectionable to the defendant, its counsel should have objected to it at the time, so that any defect in it might have been remedied. The jury evidently designed to declare by their verdict that there was negligence; and we are not at all satisfied that in the finding they made, apart from the general verdict, they have not substantially found the fact or negligence; for under the decision in *Gerke* v. *California Nav. Co.* (9 Cal.) it is hard to see the difference between having no spark-catcher at all—which is there held to be negligence—and having one not sufficient to prevent the fire from communicating with the shore, and endangering the property on the banks of the stream.

4. The next point is that the verdict is contrary to evidence. But there was *some* proof of negligence, and we cannot review the verdict in such cases.

Several other points are made, but we think there is nothing in them.

Judgment affirmed.