McIlvaine, J.
The act relating to juries, passed April-26, 1873, including original section 11, was in force at the date of the trial below. It is not contended that a cause for a principal challenge, under section 11 of said-act, existed. The ground of challenge, if any existed, was for favor, under the following clause of the section : “ And any petit juror, who shall be returned for the trial of any cause, and against whom no principal cause of challenge-can be alleged, may nevertheless be challenged on suspicion of prejudice against, or partiality for, either party, or for want of a competent knowlege of the English language,., or any other cause that may render him, at the time, an, *142 unsuitable juror, and tbe validity of such challenges shall be determined by the court.”
It appears to us that the jurors challenged in this case were shown to be indifferent between the parties, unless, upon the facts disclosed in the record, there was a suspicion of prejudice against the defendant. If, in a legal sense, a suspicion of prejudice against the defendant was shown to exist, the court erred in refusing the challenges. A “prejudice,” which disqualifies a juror is usually sought for by the question, Have you formed or expressed an opinion in this case? The fact, which the question is intended to elicit, is whether or not, uj on the issue joined, the juror •has formed or expressed an' opinion. It is not enough that some matter relating to the issue, and necessarily involved in it, may be prejudged by an opinion either formed ■or expressed, unless the court trying the validity of the ■challenge should find that the opinion is such as would disable tbe juror from delivering an impartial verdict upon the evidence in the case.
As an illustration of this point, I put the case of trespass quare clausum fregit. The plea is “notguilty.” Possession is an essential fact in the plaintiff’s cause. Surely a juror, who had actual knowledge of the possession, would not be disqualified. Again, an illustration might be drawn from the practice in criminal cases, where the discretion of the trier of the validity of a challenge for favor is not •so large. Thus, in a trial for murder, upon a plea of not guilty, a juror would not necessarily be disqualified, although he had personal knowledge of the death of the person alleged to have been killed, and that the killing was murderous.
Notwithstanding, however, that great latitude of discretion must be allowed to the court in the trial of a challenge for favor, as there was at common law to the triers appointed for that purpose, undoubtedly there is a limit beyond which sound discretion may not go; as, for instance, where it is shown that the juror has formed or expressed ;an opinion upon the merits of the whole issue, and the *143 prejudice thus alleged is not clearly rebutted. The general rule, however, is that the decision of the trial court on all ■challenges, other than principal challenges, and among the former is an alleged “ suspicion of prejudice,” is final and conclusive.
I think it is a great mistake to suppose that our statute was intended to enlarge or extend the causes of challenges for favor, or to narrow the discretion of the trier of their validity; and it is quite certain that the views above expressed are as liberal, in favor of challenges, as were the Tules and decisions at common law.
Ever since the trial of Charles Cranbourne for high trea•son, in 1696, the rule at common law has been, that it is no ground of challenge, that one of the panel, has been on a former jury, which convicted others upon the same indictment; because, as Mr. Chitty has said (1 Chitty on Criminal Law, 543,) “ every man must be tried on the evidence of his own guilt, without reference to that of his associates.” In Cranbourne’s case a juror was challenged because he was on a former jury which had convicted a prisoner jointly indicted with the defendant, and it was held to be no ground of challenge for cause. 13 State Trials, 222.
The same rule is laid down in Hawkins.
Algier v. The Steamer Maria, 14 Cal. 167, was an action for damages against the defendant for negligence, by which sparks escaped from the chimney of the steamer while navigating Feather River, and burned up a mile of plaintiff’s fence along the river bank. Among the jurors called were some who had just passed upon a similar case, between other plaintiffs and the same defendant, for burning grain by the same negligent act. The jurors being examined separately, were asked whether they had formed or expressed an opinion. Several answered they had, if the facts were the same as proven on the former trial; but, on being interrogated by the court, they answered that they had formed their opinion on the other case. The challenge of the defendant for cause was not allowed. This ruling of the trial court was approved by the supreme court.
*144 In The Commonwealth v. Hill, 4 Allen, 591, the defendant was indicted for maintaining a nuisance from the 18th of May, 1860, to the time of finding the indictment. The defendant had just been convicted under another indictment for keeping and maintaining the same building (described in the indictment), as a nuisance down to the second Monday of May, 1860. A juror who had sat on the former trial was challenged for oause. The challenge was overruled, and the defendant, having been convicted, alleged exceptions. The exceptions were overruled by the Supreme Court of Massachusetts.
■ Without, therefore, approving or disapproving the manner in which the court below exercised its discretion in overruling the challenges, we are unanimously of opinion that there was no error for which the judgment can be reversed. ' Motion overruled.