## AMOS S. REED & another *vs.* HANOVER BRANCH RAILROAD COMPANY.

In summoning a jury under the Gen. Sts. c. 43, § 28, to assess damages for the taking of land for a public use, the direction of the statute that the jurors shall be returned from the "three nearest towns" refers to the neighborhood of these towns to the town in which the land lies, without regard to the situation of the land within that town.

Partners may recover damages jointly for the taking for a railroad of land of which one of them holds the legal title in trust for the firm.

One whose land is taken for a railroad is entitled to recover damages assessed as of the . time of the taking with interest thereon to the time of the assessment.

PETITION to the county commissioners for the assessment by a jury of damages occasioned to the firm of A. S. Reed & Company, composed of Amos S. Reed and Amos N. Reed, by the taking of their real estate in Abington for the construction of the respondents' railroad.

At the hearing by the jury, in Abington, October 26, 1869, the presiding officer overruled objections made by the respondents to the proceedings; and certified his rulings to the superior court, together with the verdict, which was for the petitioners in the sum of $900 with interest from June 1, 1866, the date when the real estate was taken. The superior court accepted the verdict, and ordered judgment thereon; and the respondents appealed. The case is stated in the opinion.

*J. B. Harris*, for the petitioners.

*P. Simmons*, for the respondents.

CHAPMAN, C. J. 1. The respondents having located their railroad over lands claimed by the petitioners, they filed an application under the Gen. Sts. c. 63, § 22, for damages to be assessed by a jury. Under such an application, the proceedings are to be the same as are provided for the recovery of damages in the laying out of highways. The provision in respect to highways is contained in c. 43. By § 27 the warrant for a jury is to be directed to the sheriff or his deputy, or a coroner if the sheriff is interested; and by § 28 he is "to require of the selectmen of the three nearest towns not interested in the question, if there be so many in the county," to return the required number of jurors.

The respondents contend that in this case the provisions of the statute have not been complied with, because the jurors were not drawn from the three towns situated nearest to the land taken, none of them having been drawn in Hanover, which is nearer by more than one mile to the land taken than the town of East Bridgewater. The land taken was in Abington, and the jurors were taken from North Bridgewater, East Bridgewater and Hingham, which are certified in the return of the sheriff to be the "three nearest towns in the county not interested in the question."

We think the word "nearest" in the statute refers to the situation of the towns relatively to each other, and not relatively to the tract of land to be viewed. The position of the towns is a fact known to all officers, because it is established by public law; but the distance of the land from the line of each adjoining town is not thus known, and could not be ascertained without considerable labor and expense. If there were different tracts to be viewed, the difficulty would be greatly increased, and more than one jury might be required, especially if different parties were applicants. We can see no good reason why the legislature should have regarded anything but the relative position of the towns. The manifest purpose of the provision is to exclude jurors living in the town where the land lies, and at the same time to save unnecessary travel. These objects are secured by taking the jurors from the towns nearest to the town in which the land lies, and we think this is all that the language of the statute requires. *Wyman* v. *Lexington & West Cambridge Railroad Co.* 13 Met. 316.

2. The petitioners are copartners, and a part of the land was conveyed to one of them, who holds the legal title; but it was paid for by partnership funds, is used for partnership purposes, and he admits that he holds it in trust for the firm. The respondents object that both plaintiffs cannot recover damages for the taking of this land. But we cannot see how this matter is material to the respondents. They pay no more to both petitioners than they would have paid to A. N. Reed as sole claimant, and the fact that he permits his *cestui que trust* to join with him in the petition merely brings the equitable as well as the legal

title into the case, and settles all claims, equitable as well as legal, against the company in respect to this land. And as A. S. Reed was in the actual occupation of his undivided half of the land, by his tenant, Edward P. Reed, not paying rent, but receiving rent, as having the equitable title thereto, it was proper that he should be a party to the petition in respect to it, and receive his share of the damages directly. *Ashby* v. *Eastern Railroad Co.* 5 Met. 368.

3. The damages were to be assessed as of the time when the land was taken, because the title was then transferred to the respondents; and as they were due immediately, interest was properly allowed on the amount. *Judgment affirmed.*