## Norris *versus* The City of Philadelphia.

1. Under the Act of April 1st 1864 (Streets in Philadelphia), interest on award of damages is to be computed from the final confirmation of the report, not from its filing.

2. The damages are not settled till the confirmation; until then the city is not bound to pay.

3. The owner is not deprived of the use of his property before the confirmation.

4. City *v.* Dyer, 5 Wright 463, remarked on.

[Norris v. City of Philadelphia.]

January 9th 1872. Before THOMPSON, C. J., AGNEW and SHARSWOOD, JJ. WILLIAMS, J., at Nisi Prius.

Error to the District Court of *Philadelphia:* No. 177, to January Term 1871.

The action in this case was debt, by Richard Norris against the City of Philadelphia, commenced December 3d 1869.

On the 26th of October 1867, Richard Norris presented a petition to the Court of Quarter Sessions of Philadelphia, setting out that under an ordinance of the City Councils, and notice from the Commissioner of Highways, Spring Garden street was about to be opened through his property, and prayed the court to appoint viewers to assess his damages. Viewers were appointed accordingly; they reported the amount of damages to the petitioner to be $40,500. This report was filed May 30th 1868.

On the 5th of December 1868, the Court of Quarter Sessions set the report aside.

The record was removed to the Supreme Court by certiorari.

The Supreme Court ordered that "the decree of the Court of Quarter Sessions setting aside the report of the jury, be reversed and the report reinstated, and that the record be remanded for further proceedings thereon according to law."

On the 19th of January 1870, the report of the viewers was confirmed.

The action was upon the award of damages by the viewers.

On the trial in the District Court, before Hare, P. J., the plaintiff asked the court to charge:—

"That the plaintiff is entitled to recover interest on the award of viewers from the date of the filing the said award, and not merely from the date of its confirmation by the Court of Quarter Sessions."

The court declined so to charge, and instructed the jury to find a verdict for the plaintiff for the amount of the award of the viewers, with interest only from the date of its confirmation by the Court of Quarter Sessions.

The proceedings were under the following acts:

The Act of January 6th 1864, § 1, Pamph. L 1130, 2 Bright. Purd. 1289, pl. 132, viz.:—

"That whenever, hereafter, *the report* of any jury assessing damages, for opening or widening of any road or street in the city of Philadelphia, *shall be finally confirmed* by the Court of Quarter Sessions of the said city and county, *the sums assessed* as damages, against the owners of the properties found to be benefited by the opening or widening of such street or road, *shall be* and *remain liens* on the said properties against which they are severally assessed, for the space of six months from the said confirmation of such report," &c.

The Act of April 1st 1864, § 2, Pamph. L. 207, 2 Bright. Purd. 1290, pl. 134, which provides:—

[Norris *v.* City of Philadelphia.]

"When said award is confirmed by the court, the street shall forthwith be opened by the proper authorities of the city of Philadelphia, and said city shall pay to the respective owners of the property damaged, or their legal representatives, the damages so assessed for said opening."

The verdict was for the plaintiff for $41,137.75, being the amount of the award with interest from the final confirmation of the report.

The plaintiff removed the record to the Supreme Court, and assigned the instruction of the court for error.

*J. E. Gowen,* for plaintiff in error, referred to Philadelphia *v.* Dyer, 5 Wright 463.

*G. D. Budd* and *C. H. T. Collis,* City Solicitor (with whom were *W. P. Messick* and *T. J. Worrell*), for defendants in error.

The opinion of the court was delivered, January 29th 1872, by

THOMPSON, C. J.—I cannot see any value in discussing the numerous cases arising under the peculiar legislation applicable to the recovery of damages assessed to owners of real estate taken for streets, roads, railroads and other public improvements. There is no uniformity in them, the legislation of which they are predicated being diverse.

We have, we think, a clear legislative rule in the Act of 1864, by which the present case must be ruled, and which saves all trouble of construction. The question here is, when did interest begin to accrue on the award of the viewers in this case, from the filing of the report, or from its confirmation? The second section of the Act of 1864, among other things provides, "When said award is confirmed by the court, the street shall forthwith be opened by the proper authorities of the city of Philadelphia, and said city *shall pay* to the respective owners of the property damaged, or their legal representatives, the damages so assessed for said property. The city is certainly not required to pay, until confirmation by this act. That the obligation to pay cannot be enforced until confirmation, is thus so plain, that we think we need not argue the point. In fact the damages *are not* settled until confirmation. The award might be said to be ambulatory, or like a will before the testator's death. It has form and shape, but is not obligatory. So is the award of the viewers under this act. Nor can the property be taken until that time, so that the owner is not necessarily actually deprived of its use before confirmation, although, as in this case, the effect may be to prevent its use. This is only one case however. Others may arise in which a profitable use may continue until the confirmation of the award, and there the rule would be inequitable to the party who is to pay the assessments.

[Norris v. City of Philadelphia.]

Whatever has, or may be said of The City v. Dyer, 5 Wright 463, the fact is shown by a simple calculation of interest on the award, that interest was only allowed in the final judgment, from the confirmation of the award. Any person can satisfy himself of this by making the calculation from the papers on file. The result of the case was this and no more. It required an Act of Assembly to authorize an allowance of interest on a verdict before judgment: Kelsey v. Murphy, 6 Casey 340. Why should it not be so in case of an award like the one in question, before confirmation, which is equal to a verdict at least? We will not however pursue the subject further. We are all of opinion that the case was well decided below, and the judgment must be affirmed.