## CYRUS KIDDER *vs.* INHABITANTS OF OXFORD.

Worcester.    October 7. — 23, 1874.    COLT & MORTON, JJ., absent.

In estimating damages under the Gen. Sts. *c.* 43, § 73, for land taken for a private way, the jury may include in their assessment an allowance for interest from the time when the land was taken.

When the damages for land taken for a private way, other than by way of interest, awarded by a jury on a petition under the Gen. Sts. *c.* 43, § 73, are the same in amount as those awarded by the selectmen, the charges arising on the application for a jury must be paid by the petitioner.

PETITION under the Gen. Sts. *c.* 43, § 73, for a jury to assess the damages occasioned by the laying out of a private way in the defendant town, over land of the petitioner. The way was laid out on March 15, 1862, by the selectmen of Oxford, who awarded the petitioner $30 as damages. The petitioner in due time applied to the county commissioners for a jury to assess the damages. A jury was not summoned to try the issue until 1874, when on June 3, the case was tried before a sheriff's jury, who rendered a verdict: " That the complainant recover of the inhabitants of said Oxford the sum of $30 damage, and interest $21.90, as damages sustained as aforesaid, amounting to $51.90."

This verdict was duly returned to June term, 1874, of the Superior Court. At the next term the petitioner moved that the verdict be accepted and recorded, and that he be allowed the " charges arising on his application," as well as costs in the county commissioners' court. The respondent objected to the allowance of the charges and costs, and further objected to the acceptance of the verdict on the ground that the petitioner was not entitled to the item of interest therein, and contended that the item of interest should be stricken out, and the verdict accepted for the balance. It was agreed that the jury were instructed by the officer presiding at the hearing to find the item of interest as a separate sum, for the sake of presenting the question of its allowance as damage clearly, and that this instruction was not excepted to.

*Brigham,* C. J., ruled that the item of interest was improperly included in the verdict, and that the petitioner would not be entitled to costs if he were entitled to have the item of interest stand in the verdict, and ordered the item of interest to be stricken out, and the verdict to be accepted for the balance. The petitioner excepted to this ruling, and appealed from the order directing the item of interest to be stricken out.

*W. S. B. Hopkins,* for the petitioner.

*F. P. Goulding,* for the respondent.

GRAY, C. J. The jury were authorized by law to include in their assessment of damages an allowance for interest from the time when the land was taken. *Edmands* v. *Boston,* 108 Mass. 535. The bill of exceptions does not show the date of actual entry upon the land, or raise any question as to the amount of

interest, if any interest might be allowed. The direction to the jury to assess the item of interest separately is expressly stated not to have been excepted to. The verdict returns both the principal sum and the interest as "damages sustained" by the petitioner. The entire verdict should therefore have been accepted.

But the verdict also shows that the whole of the damages awarded by the jury, other than by way of interest, was exactly the same in amount as the damages which had been awarded by the selectmen. As it thus clearly appears that the damages were not increased, the charges arising on the application for a jury must be paid by the petitioner, and not by the town. Gen. Sts. ?. 43, § 73. *Verdict accepted; petitioner to pay charges.*