FIRST BAPTIST SOCIETY *vs.* CITY OF FALL RIVER.

Bristol. October 29, 1875. WELLS & MORTON, JJ., absent.

Land was taken for the alteration of a highway by the mayor and aldermen of a city, who awarded the petitioner $2000 as damages. The owner being dissatisfied with the award applied for a jury, who at the trial were directed to add interest from the time of the taking of the land upon the amount of damages found by them to have been thereby occasioned to the petitioner's estate, and to return the amount of damages and interest in one sum. The jury returned a verdict, that "they estimate and assess the amount of damages sustained by the petitioner at the sum of $2166.75." *Held,* that the jury must be presumed to have followed the direction to them, and that the damages awarded by the mayor and aldermen were not increased so as to entitle the petitioner to costs under the Gen. Sts. *c.* 43, § 73.

PETITION under the Gen. Sts. *c.* 43, for a jury to assess the damages occasioned by the widening of Columbia Street, in Fall River, over land of the petitioner. The case was submitted to the Superior Court, and to this court on appeal, on an agreed statement of facts, in substance as follows :

The land was taken on August 19, 1873, by the mayor and aldermen of Fall River, who awarded the petitioner $2000 as damages. The petitioner being dissatisfied with the award applied for a sheriff's jury to assess the damages. On June 11, 1875, the case was tried before a sheriff's jury, who rendered a verdict : that "they estimate and assess the amount of damages sustained by the said petitioner at the sum of two thousand one hundred and sixty-six dollars and seventy-five cents."

The jury were instructed by the sheriff, first to consider the value of the land taken ; second, to consider the damage to the remaining property by the taking of the land ; then, to consider the benefits, if any, to the petitioner, direct or special, not shared in common with others abutting on said street, and if any such benefits are found, deduct the same from the amount of damages agreed upon, and to the remaining amount add interest at six per cent. per annum, from August 19, 1873, to June 11, 1875, putting the amount of damage and interest in one sum.

The verdict was duly returned to June term 1875, of the Superior Court. At the next term the petitioner moved that the verdict be accepted and recorded, and judgment be entered thereon ; and that the petitioner be allowed the charges and costs arising on the application. which were taxed at $177.07.

The respondent objected to the allowance of the charges and costs ; the clerk disallowed them ; his taxation was affirmed by the court ; and the petitioner appealed.

*J. C. Blaisdell*, for the petitioner.   1. The agreed statement of facts establishes conclusively that the city awarded the petitioner as damages the sum of $2000, and that the jury assessed the amount of damages at the sum of $2166.75, as damages.

2. Although the jury were instructed in the manner stated, yet their verdict finds, not damages and interest to be $2166.75, but damages alone to be that amount.   The court will not go behind the verdict, as that is a conclusion of fact found by the jury. *Kidder* v. *Oxford*, 116 Mass. 165. The petitioner is therefore the prevailing party, and is entitled to its costs.   Gen. Sts. c. 43, § 73 ; c. 156, § 1.

*M. Reed*, for the respondent, was not called upon.

BY THE COURT.   The jury were directed by the sheriff to add interest, from the time of the taking of the land, upon the amount of damages found by them to have been thereby occasioned to the petitioner's estate, and to return the amount of damages and interest in one sum ; and they must be presumed to have followed that direction.   It thus appears that their verdict included interest, and that, making due allowance for the interest so included, the damages awarded by the mayor and aldermen were not increased by the jury.   The petitioner is therefore not entitled to costs.   Gen. St. c. 43, § 73.   *Kidder* v. *Oxford*, 116 Mass. 165.

*Taxation affirmed.*