THE CITY OF CHICAGO

*v.*

POTTER PALMER.

INTEREST—*on judgment for land condemned for public use.* A judgment for the condemnation of property taken by a city for the purpose of widening a street, and awarding the amount of compensation to be paid to the owner, will bear interest at six per cent from the time possession is taken by the public.

APPEAL from the Appellate Court of the First District; the Hon. THEODORE D. MURPHY, presiding Justice, and Hon. GEO. W. PLEASANTS, and Hon. JOSEPH M. BAILEY, Justices.

126          CITY OF CHICAGO *v.* PALMER.          [Sept. T.

Opinion of the Court.

This was an action of assumpsit, brought by Potter Palmer against the city of Chicago, in the circuit court of Cook county, upon an award of damages to the plaintiff upon a proceeding to condemn lands to widen State street in the city of Chicago from Madison to Jackson street. The cause was tried before JOHN G. ROGERS, judge, without a jury, by consent, who found for the plaintiff and rendered judgment in his favor for $20,258.22 and costs. From this judgment the city appealed to the Appellate Court.

Mr. FRANCIS ADAMS, for the appellant.

Mr. JOHN P. WILSON, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was brought in the circuit court to recover from the city the amount of the award made to plaintiff for land and buildings owned by him, and condemned under the eminent domain law by the city for the purpose of widening a portion of State street. The assessment was confirmed in 1870. It is conceded plaintiff was the owner of the property described in the declaration, and that the city, as early as 1872, took possession of the property condemned for the use of the street, and the same has ever since been used for the purpose of a public street in said city.

It is not claimed there was any express agreement to pay interest on the award, and the only question made in this court is whether the court below, trying the case without a jury, could rightfully include in the judgment interest on the award. That is not an open question in this court since the decision *Cook* v. *South Park Commissioners,* 61 Ill. 115. It was there held such a judgment bears interest where it appears possession has been taken of the property condemned, and subsequently held to public uses. Interest was allowed in that case on the principle such judgments are within the spirit of the statute allowing interest on judgments. Although the confirmation of the assessment in this case may be lacking

in some of the elements of an absolute judgment, still it is a judgment of condemnation of property to public use, and as the public has long since been in possession of the property, it is within the principle of the case cited, that interest should be allowed on the amount of the award. Subsequent cases in this court declare the same rule in analogous cases as to the allowance of interest. *Illinois and St. Louis Railroad Co.* v. *McClintock*, 68 Ill. 296; *City of Chicago* v. *Barbian*, 80 id. 482.

The judgment must be affirmed.

*Judgment affirmed.*