58   159
84     5

58   159
132   236
132   237

</div>

[No. 7,705.—Department One.]

R. S. CAREY ET AL. *v.* J. G. RAE ET AL.

RIGHT OF WAY—JUDGMENT IN PARTITION.—M. and R. with others, were tenants in common of a ranch, and in an action of partition, a tract of land, designated as " Survey No. 55," was allotted to the former, and "Survey No. 62" to the latter. This action was brought by M. to establish a right of way over R.'s land—the former claiming that he had no other avenue of transit from his land to the county road, and that he was entitled to a way of necessity. It appeared, however, that by the judgment another road was established from M.'s land to the county road, passing along the front of R.'s land, but this road was rendered impassable by a ditch and slough at a point opposite R.'s land, which would require an expenditure of about one thousand dollars to fill it up: *Held:* The plaintiff was not entitled to a right of way.

ID.—A right of way does not originate in mere convenience. It must spring from an express grant, or from an implied reservation, or from a user for

a length of time sufficient to create a prescription or a bar under the Statute of Limitations—either of which is presumptive evidence of a grant.

ID.—IMPASSIBILITY OF HIGHWAY—PUBLIC EASEMENT.—The impassibility of the road gives to the plaintiff no right to an easement. It may confer a personal temporary right which he has in common with the traveling public to pass over the land of another where an established road is impassable; but that is not a right which is incident or appurtenant to his estate.

ID.—ROADS—JUDGMENT IN PARTITION.—If the plaintiff ever had a right of way it ceased to exist when he acquired by the judgment in partition a new way. The judgment, by which this way was established for the benefit of the owners of the ranch, is binding and conclusive on all parties to it, and their legal representatives and all persons claiming from them, and is not the subject of collateral impeachment.

APPEAL from a judgment for the defendant in the Superior Court of Sacramento County. DENSON, J.

The action was brought to quiet the title of the plaintiff to a right of way.

*W. F. George* and *J. H. McKune,* for Appellant.

The Court below decided that in a sale *in invitum* no easement by necessity could be reserved. The authorities, as well as the reasons, are the other way. (Washb. Eas. 221; 8 T. R. 50; *Russell* v. *Jackson,* 2 Pick. 574; *Pernam* v. *Wead,* 2 Mass. 203; S. C., 3 Am. Dec. 43; *Taylor* v. *Townsend,* 8 Mass. 411; S. C., 5 Am. Dec. 407; *Smyles* v. *Hastings,* 22 N. Y. 222.)

*T. B. McFarland,* for Respondent.

The plaintiff invokes the old and almost obsolete doctrine of a way by necessity. But at most, a way of necessity arises only between grantor and grantee. (Washb. Eas. and Serv. 163.) There was no such relationship between appellants and respondents. A way of necessity can arise only when there is an absolute physical necessity. Mere inconvenience will not do. There must be no other way, and no place for another way. (*McDonald* v. *Lindall,* 3 Rawle, 495; *Turnbull* v. *Rivers,* 3 McCord, 131; S. C., 15 Am. Dec. 622; *Cooper* v. *Maupin,* 6 Mo. 624; *Anderson* v. *Buchanan,* 8 Ind. 132; *Ogden* v. *Grove,* 38 Pa. St. 487; *Gayetty* v. *Bethune,* 14 Mass. 55; S. C., 7 Am. Dec. 188; *Trask* v. *Patterson,* 29 Me. 503; *Nichols* v. *Luce,* 24. Pick. 102.)

McKEE, J.:

Originally, the appellant McKune and the respondent Rae were co-tenants with other tenants in common of the Moque-lumne Ranch, situate in San Joaquin County.  In an action of partition, between all the tenants in common of the ranch, a tract of land containing four hundred and five acres, known and designated on the partition map of the ranch as "Survey No. 55," was allotted and set apart in severalty to appellant; and a tract containing two hundred and sixty-two and thirty-one one hundredths acres, known and designated on the same map as "Survey No. 62," was allotted and set apart in severalty to the respondent.  Each appears to have been in possession of his respective tract before partition, and since partition he has exclusively used and occupied it as sole owner in fee simple absolute.  But before the partition, appellant had been accustomed to pass over the respondent's land to reach a highway known as the "Stockton County Road." After partition, respondent closed his land against all travel over it, and the appellant complains that in consequence of this act, he has no avenue of transit from his land to the county road, and he claims to be entitled to a way of neces-sity over the respondent's land.  Whether he is or not, is, therefore, the question.

In the partition suit, the pleadings contained no allegations upon the subject of roads through the ranch.  But by the in-terlocutory decree, it was provided that "the referees may in their discretion lay out and establish public and private roads over the land to be partitioned, as they may decree advan-tageous to the interests of all the parties concerned in the execution of this decree."

Pursuant to that authority the referees reported that "in accordance with said decree, and our instructions therein con-tained, we laid out several new roads, and made changes in some old ones, as we deemed expedient and for the best inter-ests of the parties concerned, all of which will appear, refer-ence being made to the map filed with this report." The report was in all things confirmed.  A final judgment was en-tered thereon, making the partition of the ranch "effectual

forever." From the judgment no appeal was taken, and it now stands in full force.

By the judgment two roads were established in connection with the farms of the appellant and respondent: One leading in a northerly direction from the north-cast corner of the appellant's land to a wagon road, which was established upon the township line passing through the ranch, from east to west, until it intersected with the county road. Situate in front of this wagon road, but at irregular distances from it, are the respective lands of the appellant and respondent—appellant's land being about half a mile south of it and the respondent's being immediately in front of it, and about two and a half miles west of the appellant's land.

The wagon road gives the appellant access from his farm to the county road. There is no difficulty about traveling it until a point is reached in the road about on a line running through the middle of the respondent's farm. There the road is rendered impassable by a ditch and a slough, which intervene between it and the county road, and which require an expenditure of about one thousand dollars to fill up so as to make the road convenient for travel. Until that is done it would, unquestionably, be more convenient for the appellant to pass over the land of the respondent, and thus, by flanking the slough and the ditch, get into the county road, than for the appellant or the county to repair the road. But a right of way does not originate in mere convenience. It must spring from an express grant, or from an implied reservation, or from a user for a length of time sufficient to create a prescription, or a bar under the Statute of Limitations, either of which is presumptive evidence of a grant.

The record, however, of this case discloses nothing from which it might be inferred that there ever was a right of way appurtenant to the parcel of land allotted to the appellant, or that he or any other of the former tenants in common of the ranch had ever, by grant, stipulation, or otherwise, created or reserved such an easement in the ranch or any part of it, and, certainly, there is nothing in the circumstances of the estates as ultimately partitioned among them from which such a right might be inferred. If the appellant has any right whatever to burden the respondent's land, it originates only in the ne-

cessity of the circumstances in which he is placed, and not in grant. Those circumstances show that he has a way, which needs repair, and that until repaired it is impassable. But the impassability of the road gives to a party no right to an easement. It may confer a personal temporary right which he has, in common with the traveling public, to pass over the land of another where an established road is impassable ; but that is not a right which is incident or appurtenant to his estate. If the established road were passable there would be no pretense or claim of a right of way by necessity over the land of another.

As we have seen, there is nothing in the record to show that the appellant ever had such a right before partition of the ranch; but if he ever had such a right, it ceased to exist when he acquired, by the judgment in partition, a new way. Having acquired such a way, the necessity to pass over the land of the respondent has ceased, and the right, if it ever existed, has become extinguished. (*Hancock* v. *Wentworth,* 5 Metc. Mass. 446 ; *Abbott* v. *Stewartstown,* 47 N. H. 230 ; *Garland* v. *Jekyll,* 2 Bing. 276 ; *N. Y. Ins.· and Trust Co.* v. *Minor,* 1 Barb. Ch. 353.) And the judgment of partition by which this way was established for the benefit of the owners of the ranch is binding and conclusive on all parties to it, and their legal representatives, and on all persons claiming from them. It is not the subject of collateral impeachment. (§§ 766, 1908, Code Civ. Proc.)

Judgment affirmed.

Ross, J., and McKINSTRY, J., concurred.