JESSE P. DOUGLASS *vs.* JOHN F. NICHOLS.

Plymouth. Oct. 17. — 23, 1882. ENDICOTT, LORD & C. ALLEN, JJ., absent.

The plaintiff in a personal action, brought originally in the Superior Court, who recovers a verdict of $21.16, of which $20 is for the original debt and $1.16 is for interest from the date of the writ, is entitled to costs, under the Pub. Sts. c. 198, §§ 1, 5.

APPEAL from the taxation of costs in an action of contract upon an account annexed for $25, for work and labor, brought originally in the Superior Court. The jury returned a verdict for the plaintiff in the sum of $20, with interest from the date of the writ, $1.16, making a total of $21.16. Judgment was ordered for the plaintiff upon the verdict, and costs were taxed for him by the clerk; from which taxation the defendant appealed to the court. The court affirmed the taxation; and the defendant appealed to this court.

*A. Lord*, for the plaintiff.

*E. Robinson & M. Reed*, for the defendant.

MORTON. C. J. In personal actions brought originally in the Superior Court, except actions of replevin, if the plaintiff finally recovers a sum not exceeding twenty dollars for debt or damages, he is entitled to no costs, except when the title to real estate or an easement is concerned, or when his claim originally exceeded twenty dollars, and is reduced by set-offs to twenty dollars or less; but if he recovers more than twenty dollars, he is entitled to full costs. Pub. Sts. c. 198, §§ 1, 5–7.

In the case before us, the jury returned a verdict for the plaintiff for $21.16. Of this, $20 was for the original debt, and $1.16 for interest from the date of the writ.

In *Joannes* v. *Pangborn*, 6 Allen, 243, it was held that, where a plaintiff in a personal action recovered a verdict of $20, he was entitled to no costs, although by our statutes interest is to be added to the verdict in making up the judgment, which in such case must therefore exceed $20. The court there say, " The question of costs or no costs must properly rest on the verdict itself, and any addition thereto, arising from an allowance of interest thereon subsequently, does not affect this question." But interest which accrues before the verdict stands upon different ground. Whether it accrues by way of contract or by way of damages after a refusal to pay the original debt upon a demand, it is a part of the debt or damages for which the jury must render their verdict. In this case, the form of the verdict is not important; it is a verdict assessing damages in the sum of $21.16. The plaintiff " finally recovers " that amount " for debt or damages," and is therefore entitled to his full costs.

The cases of *Kidder* v. *Oxford*, 116 Mass. 165, and *First Baptist Society* v. *Fall River*, 119 Mass. 95, cited by the defendant, arose under a different statute, and have no bearing upon the question before us.                *Taxation affirmed.*