[No. 12122. In Bank.—December 2, 1887.]

PACIFIC COAST RAILWAY COMPANY, APPELLANT, *v.* URIAH PORTER ET AL., RESPONDENTS.

CONDEMNATION OF LAND—RAILROAD—RIGHT OF WAY—COMPENSATION HOW DETERMINED.—Under section 14 of article 1 of the constitution, in a proceeding by a railroad corporation to condemn a strip of land for a right of way for its road, the compensation to be awarded the owner must be ascertained irrespective of any benefit that would accrue to the remainder of his land from the building of the road.

ID.—PROCEEDING WHEN COMMENCED—ISSUANCE OF SUMMONS.—A proceeding for the condemnation of land is not commenced, within the meaning of section 1243 of the Code of Civil Procedure, until the issuance of summons.

ID.—VERDICT—CONSTRUCTION OF—VALUE OF LAND TAKEN—DAMAGES.—When in such a proceeding the complaint is filed and the summons issued on the same day, a verdict finding the value of the land taken and the amount of the damage to the remaining land of the defendant must be construed with reference to the issues made by the pleadings, and held to be a finding as to the value of the land and the damages at the date of the issuance of the summons.

APPEAL from a portion of a judgment of the Superior Court of San Luis Obispo County.

The facts are stated in the opinion.

*R. B. Treat,* for Appellant.

*C. W. Goodchild,* and *W. H. Spencer,* for Respondents.

HAYNE, C.—This was a proceeding to condemn a strip of the defendants' land for the purposes of the plaintiff's road. The cause was tried by a jury, who rendered a verdict, and judgment was entered thereon, and on the additional findings of the court condemning the said land, and decreeing that the plaintiff pay to the defendants Uriah and Fanny Porter,—1. The sum of seventy-five dollars, adjudged to be the value of the land taken; 2. The sum of eight hundred dollars, as damages to the remainder of the land; and 3. The sum of two hundred and seventy-five dollars, cost of fencing,

and cattle-guards, which, however, the plaintiff was given the option to build at its own expense. The plaintiff appeals from that part of the judgment directing payment to the said defendants.

1. It is argued for the appellant that evidence should have been admitted of the benefits accruing to the remaining land, and that such benefits should have been deducted from the amount of damage assessed. But the constitution expressly provides that " no right of way shall be appropriated to the use of any corporation *other than municipal* until full compensation therefor be first made in money, or ascertained and paid into court for the owner, *irrespective of any benefit* from any improvement proposed by such corporation." · (Art. 1, sec. 14.)

Under this provision, the benefits supposed to result to the remainder of the land cannot be considered. An exception to this rule is provided when the corporation for whose use property is taken is a "municipal corporation." The cases of *Butte County* v. *Boydston,* 64 Cal. 110, and *Tehama County* v. *Bryan,* 68 Cal. 57, fall within this exception. For, as is well said by respondent's · counsel, the word "municipal," as used in the provision, refers to such corporations as are for public government, and therefore includes counties. · Unless the cases mentioned proceed upon this ground, we do not see how they can be sustained.

2. It is claimed that under section 1249 of the Code of Civil Procedure the compensation and damages should have been assessed at the date of the issuing of the summons, and that the verdict of the jury was as to "the *present* value of the strip of land," etc.

This seems to verge close to those criticisms upon the form of the verdict which are to be made in time to admit of correction. (*Algier* v. *Steamer Maria,* 14 Cal. 170, 171.) But without reference to this rule, it seems to us· that the verdict did relate to the time of the issuance of the summons. The verdict is to be con-

strued with reference to the issues made by the pleadings; and the issues made by the pleadings ordinarily relate to the time of the commencement of the action or proceeding, which in this kind of case is identical with the issuance of the summons. Section 1243 of the code provides that the proceedings "must be commenced by filing a complaint *and issuing a summons thereon*." Under this language, the proceedings were not commenced until the summons was issued. (Compare *Flandreau* v. *White*, 18 Cal. 639; *Green* v. *Jackson Water Co.*, 10 Cal. 374.) In the case before us, the complaint was filed and the summons issued on the same day.

We therefore advise that the part of the judgment appealed from be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, that part of the judgment appealed from is affirmed.