[L. A. No. 812. Department One.—March 16, 1901.]

CITY OF SANTA ANA, Respondent, v. J. H. BRUNNER, Appellant.

EMINENT DOMAIN—ACTION BY CITY TO CONDEMN EASEMENT FOR ALLEY—INTEREST OF PUBLIC—PREVIOUS RIGHT—PLEADING.— The right of action by a city to condemn an easement or right of way for an alley is derived from statute, and is given in the interest of the general public. The complaint in such action need not show any previous right of the city to the easement, nor any previous user or servitude.

ID.—INCORPORATION OF PLAINTIFF—INSUFFICIENT DENIAL.— Under a verified complaint, alleging that plaintiff is, and was at the times mentioned in the complaint, a municipal corporation of the fifth class, organized and existing under the laws of the state of California, citing the particular acts, an answer denying that the plaintiff "was at all times *herein* mentioned a municipal corporation of the fifth class, organized and existing under the laws of the state of California," does not raise an issue upon the averments of the complaint, and was properly stricken out.

ID.—RIGHT AND POWER OF PLAINTIFF—NECESSITY TO CONDEMN ALLEY—IMMATERIAL ISSUES.— An answer denying that plaintiff has the right and power to lay out any street or alley raises no issue of fact; and a denial "that it is necessary for the plaintiff to condemn an easement over the land of the defendant for an alley," and alleging that the right of way is sought "for the convenience of adjoining land-owners, and no others, and not for the public benefit," raises no material issue which can be tried in this action; and such denials were properly stricken out.

ID.—ALLEY A PUBLIC USE—NECESSITY FOR PURPOSES OF ALLEY.— An alley in a city or town is declared by statute to be a public use; and in proceedings by a city to condemn a right of way therefor, it need only be shown that the taking is necessary for the purposes of an alley.

ID.—TENDER OF COMPENSATION—UNNECESSARY AVERMENT—IMMATERIAL ISSUE.— An averment in the complaint, that the city ten-

dered a specified sum to the defendant as compensation, was unnecessary, and a denial thereof in the answer raised an immaterial issue.

Id. — Motive of Plaintiff — Taking of Other Land — Averments of Answer. — Averments in the answer, that the motive of the plaintiff in bringing the action was for private purposes, and that other land could be taken instead of the land described in the complaint, presented no material issue in the action.

Id. — Validity of Action of Trustees — Disqualified Trustee — Insufficient Showing. — Waiving the question whether the fact that a trustee who signed the petition for the condemning of the alley was disqualified to act upon the board in passing upon the petition in a legislative and political, as distinguished from a judicial, capacity, an answer averring that fact, but not alleging that his vote was essential at the hearing before the board, which consisted of five trustees, a majority of whom constituted a quorum, is insufficient to show that the trustees had no right to take action upon the proposition to condemn the land.

Id. — Hearing of Objections — Action of Board in Private Session — Jurisdiction. — Where it appears that the defendant, in fact, had a hearing before the board of trustees, upon objections urged by him to the opening of the alley, and the answer does not show that all evidence in support of the objections was not fully presented at such hearing, the fact that the defendant and his counsel were thereafter excluded from the board, and that it passed upon the objections in private session, does not show that the board failed to acquire jurisdiction to determine to condemn the land.

Id. — Order Striking out Parts of Answer — Harmless Ruling. — An order striking out parts of the answer is not injurious to the defendant, where every material issue was before the court after such portions were stricken out.

Id. — Resolution of Board — Proof of Necessity — Width of Strip — Instruction. — An instruction that the resolution of the board ordering the alleyway opened was "conclusive proof upon the question of the necessity for opening such alleyway," but submitting to the jury the question of necessity of the width of the strip to be taken, is as favorable to the defendant as the law will permit.

Id. — Compensation — Market Value of Land Taken — Instruction. — An instruction that the defendant was entitled to receive for the strip taken for the alley, an amount equal to that for which it could have been sold in the open market, on the day of the summons, for cash, after reasonable time taken by the owner to make the sale, presents a proper rule of compensation for the value of the land taken.

APPEAL from a judgment of the Superior Court of Orange County and from orders striking out parts of the answer and denying a new trial.    J. W. Ballard, Judge.

The facts are stated in the opinion.

McKelvey & Bowes, for Appellant.

W. F. Heathman, for Respondent.

CHIPMAN, C.—Action to condemn a strip of land as and for an alley. Certain issues were tried by a jury, and plaintiff had the verdict, and judgment was rendered accordingly. The appeal is from the judgment, from an order striking out certain portions of defendant's answer, and from the final order of condemnation, and from the order denying defendant's motion for a new trial.

A general demurrer to the complaint was filed, and also a demurrer on the ground of ambiguity and uncertainty, and appellant now urges that the demurrer should have been sustained.

1. The complaint is laid under the provisions of section 18 of the act of March 6; 1889 (Stats. 1889, p. 70), and agreeably to the requirements of the Code of Civil Procedure relating to eminent domain, and prescribing in section 1244 thereof what the complaint must contain. The objection urged in support of the general demurrer is, that "the plaintiff only asks for an easement or right of way"; that no express grant or implied reservation is set out, or user for any length of time, and no servitude is shown; citing Civ. Code, sec. 801; *Carey* v. *Rae*, 58 Cal. 162. Appellant misconceives the source of plaintiff's right; it does not spring from an express grant, nor from an implied reservation, nor from user for a time sufficient to create a prescriptive right, as was the case in *Carey* v. *Rae, supra*, which was a controversy between contiguous owners of land. That case has no application. The right here is derived from the statute, and is given in the interest of the general public. So far as we can see, the complaint states a cause of action; and, except as to the objections above noted, appellant makes no point on this ground of demurrer.

2. The other grounds of demurrer are equally untenable. It plainly appears from the complaint that the purpose of the action is to condemn a strip of land, definitely described, for a definite purpose, to wit: "To acquire an easement or right of way over and along the land hereinafter described for a public use, to wit: The opening and extension of an alley through," etc., " as and for an alley, and that all the said land

necessary to be taken, condemned, and acquired as and for said alley, as provided by law, under the right of eminent domain." It was not necessary "to show some previous right of plaintiff for an easement over the land of defendant," as appellant erroneously supposes should have been done, and as was the case of *Carey* v. *Rae, supra,* and it did fully appear in the complaint by what right plaintiff claimed the easement. We find no support for appellant's objections on the ground of ambiguity and uncertainty.

3. The first ten paragraphs of the answer, and also the exhibits A and B of the answer, were stricken out on plaintiff's motion, and this is alleged as error.

It was alleged in the verified complaint that "plaintiff is, and was at the times hereinafter mentioned, a municipal corporation of the fifth class, organized and existing under the laws of the state of California," etc., citing the particular acts. Paragraph 1 of the answer "denies that the plaintiff was at all times herein [i. e., in the answer] mentioned, a municipal corporation of the fifth class, organized and existing under the laws of the state of California." This denial is not sufficient to put in issue, if such issue was material, the allegations of the complaint, and it was not error to strike it out. Paragraph 2 denies that plaintiff has the right and power to lay out any street or alley, etc. This raises no issue of fact. Paragraph 3 denies "that it is necessary for the plaintiff to condemn an easement over the land of the defendant for an alley," etc., and alleges that the right of way is sought "for the convenience of adjoining land-owners, and no others, and not for the public benefit." An alley in a city or town is declared to be a public use (Code Civ. Proc., sec. 1238; see also Act of 1889, sec. 1, *supra*); and no inquiry on that subject can be made in this action; and when a city or town decides by appropriate proceedings that an alley is desirable, and institutes condemnation proceedings for a right of way therefor, it is only required to prove that the taking of the property sought to be condemned is necessary for the purposes of an alley. (*Pasadena* v. *Stimson*, 91 Cal. 238; *Santa Ana* v. *Harlin*, 99 Cal. 538.) Without following the paragraphs *seriatim*, the points may be covered by stating that the allegation and denial of tender to defendant, by plaintiff, of a certain sum as compensation was unnecessary, and raised no issue essential in the case. (*Pasadena* v. *Stimson, supra.*) The motive of plaintiff in bringing

the action charged in the answer (i. e., that it was for private purposes, and that other land could be taken instead of the land described) presented no material issue in the present action. It is alleged that the trustees had no right to take action upon the proposition of condemning defendant's land, because one of the city trustees—George A. Edgar—signed the petition which was presented to the board; that said Edgar was disqualified from acting as a trustee, but did in fact vote and act at the hearing of the petition. Waiving the question whether this fact is any defense where the act of the board, as here, was legislative and political, and not judicial (*Brown* v. *Supervisors*, 124 Cal. 274), it is not alleged that Edgar's vote was essential at the hearing. The board consists of five trustees, a majority of whom constitute a quorum. (Municipal Corporation Act, sec. 761; Stats. 1883, p. 93.)

In paragraphs 9 and 10 it is alleged that defendant filed an objection with the trustees to the opening of the alley, which is attached to the answer as exhibit B; that said objections were to have been heard on a certain day, at which time defendant and his counsel appeared before the board, "and before said hearing had terminated, and before said board had adjourned, the defendant was ordered by said board to leave the room where said hearing was being held, and that the hearing of said objections was continued after defendant was so ordered to leave the room; that the defendant and his counsel were not ordered to leave for any conduct on their part interfering with said board, but that said board might pass upon said objections privately." It is alleged that the board did in fact pass on the objections at a private meeting, and not at a public meeting.

Exhibit B gave as reasons for objecting to the alley,—1. That public convenience did not require it; 2. That it was for the convenience of certain lot-owners, and not for the public; and 3. That the taking of the land will be taking the property of one person for the benefit of another, and not for the public benefit. These objections would not seem to call for any extended hearing to fully inform the board of whatever force they were entitled to. But, aside from this, it does appear that defendant and his counsel had a hearing of some duration; they appeared "where said hearing was being held," and they state that it was continued. It is not stated that there

was no hearing, nor that appellant had no opportunity to and did not state his reasons for objecting.   It does not appear but that when ordered from the room he had already fully presented the evidence in support of his objections.

If it be admitted that we can in this action inquire into the conduct of the board in passing upon appellant's objections, we do not think he has made such showing as would form a basis for the inquiry.   Appellant's point that the board failed to acquire jurisdiction because there was no hearing of his objections cannot be maintained, for, according to his own showing, there was a hearing, although cut short for some reason not explained.   (See *Brown* v. *Supervisors, supra.*)

We cannot discover that appellant was in any wise injured by the order of the court.   Every material issue was before the court on the pleadings, after the objectionable paragraphs of the answer were stricken out.

4. Appellant claims that the court erroneously instructed the jury in stating that the resolution passed by the board ordering the alleyway opened "is conclusive proof upon the question of the necessity for opening such alleyway, and it is only necessary for you to find whether it was necessary that plaintiff take said strip of ten feet, . . . and if the whole is not necessary, then how much of it is necessary for the purpose of such alley."   Section 18 of the act of 1889 declares that "the resolution and ordinance ordering said work to be done shall be conclusive evidence of such necessity."   The instruction was quite as favorable to defendant as the law would permit, for it left the jury to determine the width of the strip, and as to the necessity for taking some part of the land, the board had already conclusively determined.

5. The court instructed the jury as to the question of value, that "the real test is, What would the strip sell for in the market, on that day, for cash, after reasonable time taken by the owner to make the sale?"   The court also said that "the defendant is entitled to receive for this strip an amount equal to that for which it could have been sold . . . in the open market."

It is complained that this was error, because a strip of land of that width, "by itself, would be of no value on the market." Appellant suggests no other or better rule for measuring the damages than that given in the instructions, and we know of none.   (*Santa Ana* v. *Harlin*, 99 Cal. 538.)

We discover no prejudicial error in the record, and therefore advise that the judgment and orders be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and orders are affirmed.

Garoutte, J., Van Dyke, J., Harrison, J.