[Civ. No. 593: Second Appellate District.—April 10, 1909.]

## CITY OF LOS ANGELES, Respondent, v. J. R. GAGER, Appellant.

STREET OPENING—CONDEMNATION OF LAND—ACCRUAL OF RIGHT OF COMPENSATION—CODE RULE—DATE OF SUMMONS.—In an action under the "street opening act" of 1903 to condemn land for the opening of a street, which act provides that "said action shall in all respects be subject to and governed by such rules of the Code of Civil Procedure, now existing, or that may be hereafter adopted, except in the particulars otherwise provided for in this act," when it appears that that act is silent as to the time as of which the value of the property shall be fixed, section 1249 of the Code of Civil Procedure applies, which provides: "For the purpose of assessing compensation and damages, the right thereto shall be deemed to have accrued at the date of the summons, and its actual value at that date shall be the measure of compensation for all property to be actually taken."

ID.—CONSTRUCTION OF WORD "RULES."—The word "rules," as used in the "street opening act," does not refer exclusively to those rules of the Code of Civil Procedure, which govern pleading and practice. That word is of wide and varied signification, depending upon the context; and in a legal sense it is synonymous with "laws." The phrase "rules of the Code of Civil Procedure," as used in section 6 of that act, means the laws or provisions of that code.

ID.—CONSTITUTIONALITY OF CODE SECTION—STARE DECISIS.—Since the constitutionality of section 1249 of the Code of Civil Procedure has since 1882 been repeatedly and uniformly affirmed by the supreme court, its provisions must be deemed immune from attack on constitutional ground, notwithstanding a vast array of authorities from other jurisdictions supporting the contention that that section is in violation of section 14 of article I of the state constitution.

ID.—INTEREST NOT ALLOWABLE ON VALUE OF LAND—POSSESSION OF PROPERTY.—The owner being left in the possession of the property, and in the receipt of its rents, issues and profits, he cannot, in a legal sense, be damaged until the actual taking of the property, and interest cannot be allowed on the value of the land fixed as of the date of the summons to the taking of the property.

ID.—ABSENCE OF BASIS FOR ALLOWANCE OF INTEREST.—Interest can only be allowed by agreement, or by way of damages for the failure to pay a principal sum when due; and neither of these bases

for interest appear, when there is no agreement for interest and no failure to pay the assessment when required to be paid.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. D. K. Trask, Judge.

The facts are stated in the opinion of the court.

William A. Alderson, and Elon G. Galusha, for Appellant.

Leslie R. Hewitt, City Attorney, and Howard Robertson, Deputy City Attorney, for Respondent.

SHAW, J.—Defendant was the owner of certain real estate lying between Central avenue and Naomi avenue, in the city of Los Angeles, through which the city, under and in accordance with the provisions of the street opening act of 1903, [Stats. 1903, p. 376], initiated proceedings to open Thirty-fifth street. Pursuant to ordinance duly passed, this action was instituted by the city attorney to condemn the land required for use in opening of said street. The complaint was filed therein and summons issued on June 16, 1905. On March 15, 1906, the referees appointed to ascertain and fix the compensation to be paid to defendant for the land sought to be condemned filed their report, wherein and whereby they fixed the value of said property as of the time of the issuance of the summons in said action, to wit, June 16, 1905. Upon the hearing had by said referees, for the purpose of ascertaining the facts necessary to enable them to fix such value, they refused to receive or consider evidence touching the value of the property at other than the time of the issuance of said summons. To this report defendant in due time filed exceptions, assigning as grounds therefor the action of said referees in so excluding evidence of value and confining their inquiry to June 16, 1905, as well as the fact that they had not allowed defendant interest upon the value so fixed from said sixteenth day of June, 1905. Upon the hearing had thereon defendant claimed the property had greatly enhanced in value since the date of the issuance of summons in the action, and offered evidence tending to prove that the value of the property in February, 1906, was twenty-five per cent greater than on June 16, 1905. The court ex-

cluded this evidence and confirmed the report of the referees, and rendered and caused to be entered an interlocutory judgment in accordance therewith. The appeal is from this judgment and an order denying the defendant's motion for a new trial.

Appellant contends that he is entitled to the value of the property as of the time when the referees made their report rather than as it stood at the time of the issuance of summons in the action, and that if the value is fixed as of date June 16, 1905, then he is entitled to interest thereon to the date of payment.

The street opening act of 1903 does not, in terms, specify the time as of which the value of property shall be fixed, but section 6 of the act provides that "said action shall, in all respects, be subject to and governed by such rules of the Code of Civil Procedure now existing, or that may be hereafter adopted, as may be applicable thereto, except in the particulars otherwise provided for in this act." As the act is silent as to the time as to which the valuation shall be placed upon the property, we must look to the provisions of the Code of Civil Procedure for a rule applicable to the case. Section 1249, Code of Civil Procedure, provides: "For the purpose of assessing compensation and damages, the right thereto shall be deemed to have accrued at the date of the summons, and its actual value, at that date, shall be the measure of compensation for all property to be actually taken."

Appellant, however, vigorously contends that the provisions of this section are inapplicable. He insists that the word "rules," as used in section 6 of "the street opening act," refers to those rules only which govern pleading and practice as prescribed in the Code of Civil Procedure. The meaning of the word "rules" is of wide and varied significance, depending upon the context. In a legal sense, it is synonymous with laws. (*In re Higbee,* 4 Utah, 19, [5 Pac. 693]; *Watts* v. *Holland,* 56 Tex. 54; *Hunt* v. *Common Council,* 45 N. J. L. 279.) The phrase "rules of the Code of Civil Procedure," as used in section 6 of said act, means the laws or provisions of said code. By its terms the section does not provide that the action shall be governed by the rules of practice and procedure prescribed in said code, and, in the absence of such limitation, it is to be governed by the rules or laws of said

code applicable to the action which are not otherwise pro-
vided for in the act. Had it been the intent of the legis-
lature to limit the effect of such provision to the rules of
practice, such intent would undoubtedly have found expression
in the act itself. (See Code Civ. Proc., secs. 1256, 1257,
1262.)   To give the section the narrow and limited inter-
pretation contended for would do violence to section 37 of
the act, which calls for a liberal construction of its pro-
visions to promote the objects thereof.

We think it clear that it was the intent of the legislature
that section 1249, Code of Civil Procedure, should constitute
the rule for ascertaining the amount of compensation and
damages to be paid for land acquired by proceedings had
under the provisions of the street opening act of 1903. Even
in the absence of statutory provisions upon the subject, the
authorities bearing upon the question are by no means uniform
in decision. No good purpose could be subserved, however,
by citing or discussing these cases. Suffice it to say, that in
this state we have a provision of law which, if constitutional,
excludes all consideration of other than the value of the
property at the date of the issuance of the summons in the
·action.

But appellant contends that this section, 1249, Code of
Civil Procedure, is contrary to the provisions of section 14
of article I of the constitution of California, and therefore
unconstitutional. Counsel has with great industry collected
a vast array of authority from other jurisdictions in support
of such contention. If the question could be regarded as an
open one in this state, his able and exhaustive presentation
and authorities in support thereof would merit the most care-
ful and painstaking consideration. Inasmuch, however, as
the supreme court of this state has, since 1882, repeatedly and
uniformly held to the contrary, the provision must be deemed
immune from attack on constitutional ground. (*California
Southern R. Co.* v. *Kimball,* 61 Cal. 90; *Tehama* v. *Bryan,*
68 Cal. 57, [8 Pac. 673] ; *San Jose etc. Ry. Co.* v. *Mayne,* 83
Cal. 566, [23 Pac. 522] ; *City of Santa Ana* v. *Brunner,* 132
Cal. 234, [64 Pac. 287] ; *Pacific Coast Ry. Co.* v. *Porter,* 74
Cal. 261, [15 Pac. 774] ; *Los Angeles* v. *Pomeroy,* 124 Cal.
597, [57 Pac. 585].)

Appellant next insists that, at all events, he is entitled to
interest on the value of the land from the date of the issu-

ance of the summons. The contrary has been held in *San Francisco etc. Ry. Co.* v. *Leviston*, 134 Cal. 412, [66 Pac. 473]. The same question was discussed by the supreme court of the United States in *Shoemaker* v. *United States*, 147 U. S. 282, [13 Sup. Ct. Rep. 361], under provisions for condemnation proceedings almost identical with those under consideration, and the court, speaking through Mr. Justice Shiras, said: "Interest accrues either by agreement of the debtor to allow it for the use of money, or in the nature of damages, by reason of the failure of the debtor to pay the principal when due. Of course, neither ground for such a demand can be found in the present case. No agreement to pay the interest demanded is pointed to, and no failure to pay the amount assessed took place. That amount was not fixed and ascertained till the confirmation of the report. . . . It is true that, by the institution of proceedings to condemn, the possession and enjoyment by the owner are to some extent interfered with. He can put no permanent improvements on the land, nor sell it, except subject to the condemnation proceedings. But the owner was in receipt of the rents, issues and profits during the time occupied in fixing the amount to which he was entitled, and the inconveniences to which he was subjected by the delay are presumed to be considered and allowed for in fixing the amount of the compensation. Such is the rule laid down in cases of the highest authority. (*Reed* v. *Hanover Branch R. Co.*, 105 Mass. 303; *Kidder* v. *Oxford*, 116 Mass. 165; *Hamersley* v. *New York*, 56 N. Y. 533; *Norris* v. *Philadelphia*, 70 Pa. 332; *Chicago* v. *Palmer*, 93 Ill. 125; *Phillips* v. *South Park Commrs.*, 119 Ill. 626, [10 N. E. 230].)"

Until a citizen is deprived of possession of the property sought to be condemned, his right to the use and enjoyment thereof as it stood at the time of commencing the action is in no wise abridged. Therefore, it cannot, in a legal sense, be said that he is damaged until the actual taking of the property.

The judgment and order are affirmed.

Allen, P. J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 7, 1909.