[Civ. No. 984. Third Appellate District.—July 29, 1912.]

## SACRAMENTO TERMINAL COMPANY, a Corporation, Respondent, v. D. McDOUGALL, as Administrator of the Estate of W. R. JONES, Deceased, Appellant.

EMINENT DOMAIN—DATE OF ASSESSMENT OF DAMAGES—REPEAL AND RE-ENACTMENT OF CODE PROVISION—CONSTRUCTION OF SAVING CLAUSE—"PENDING LITIGATION."—The rule of damages in actions in eminent domain, which were pending at the time of the repeal and re-enactment of section 1249 of Code of Civil Procedure as amended by the legislature on April 10, 1911, is unaffected as to such actions by the express provision therein contained that "Nothing in this section contained shall be construed or held to affect pending litigation," the effect of which saving clause is to preserve in force the previous statute so far as "pending litigation" is concerned, and to prevent the new law from being retroactive as to pending cases, or changing the existing order of things in relation thereto.

ID.—ACTION IF COVERED BY CHANGED CODE UNAFFECTED.—The provision in the former section that in actions in eminent domain, for the "pur-

pose of ascertaining compensation and damages, the right thereto shall be deemed to have accrued at the date of the summons, and the actual value at that date shall be the measure of compensation," is practically unchanged by the amended code, except where the issue is not determined "within one year," and inasmuch as the plaintiff's action was heard and determined within one year, it is practically immaterial what provision is applied thereto, and the judgment must be affirmed in either point of view.

ID.—CONSTITUTIONALITY OF CODE PROVISIONS—STARE DECISIS.—The law fixing the issuance of the summons as the time for determining the value of the property has been held constitutional by the supreme court of the state repeatedly and uniformly since the year 1882; and its decisions preclude further consideration of objections on that ground.

APPEAL from a judgment of the Superior Court of Sacramento County.   Peter J. Shields, Judge.

The facts are stated in the opinion of the court.

Hugh B. Bradford, B. F. Driver, and White, Miller & McLaughlin, for Appellant.

Charles W. Slack, for Respondent.

BURNETT, J.—The action is in eminent domain.   The complaint was filed and summons issued on October 21, 1910, and the action was tried before a jury September 21, 1911, resulting favorably to plaintiff.   The only question involved on the appeal is as to the date at which the value of the property was to be determined.   Defendant sought to interrogate witnesses as to the value of the property at the time of the trial, and requested the court to instruct the jury that they should find its value at that time as damages to be allowed the defendant, but the court adopted the theory that the law fixed the date of the issuance of the summons as the time to which the inquiry should be directed.   The contention of appellant grows out of the consideration that section 1249 of the Code of Civil Procedure was amended on April 10, 1911, while the present action was pending.   Prior to said amendment the section read: ''For the purpose of ascertaining compensation and damages the right thereto shall be deemed to have accrued at the date of the summons, and the actual value at that date shall be the measure of compensation.''   The

section as amended (Stats. 1911, p. 842) provides that: "Section twelve hundred and forty-nine of the Code of Civil Procedure is hereby amended to read as follows: For the purpose of assessing compensation and damages the right thereof shall be deemed to have accrued at the date of the issuance of summons and its actual value at that date shall be deemed the measure of compensation for all property to be actually taken . . . *provided,* that in any case in which the issue is not tried within one year after the date of the commencement of the action, unless the delay is caused by the defendant, the compensation and damages shall be deemed to have accrued at the date of the trial. Nothing in this section contained shall be construed or held to affect pending litigation." It is to be observed that, under the operation of said amended statute, the rule still applies requiring the determination of the value as of the date of the summons except where the action is not tried within one year. The present action is not within the exception, since the trial was had within one year from the time of the filing of the complaint. It is therefore clear that under the application of said section 1249, as it was either prior or subsequent to said amendment, the position taken by the court below must be sustained. It is urged, however, by appellant, that since the legislature repealed the old section 1249 and substituted the new section 1249, and therein excepted from its operation pending actions, as to such actions there is no statutory rule, and that, under a fair construction of the constitutional provision that "private property shall not be taken or damaged for public use, without just compensation having first been made to or paid into court for the owner," it should be held that "*just compensation* means value at the time when right to take and quantity to be taken is determined by trial on issues tendered, and not fictional arbitrary time when nothing is or can be taken, and the right to take lies in mere assertion, the action betimes being dismissable according to the caprice of plaintiff."

It must be admitted that counsel for appellant in arguing for their contention have displayed no little industry and ingenuity. We are, however, convinced that the legislative intent, as manifested in said amended section 1249, was not to disturb the law of damages as it had theretofore existed as far as "pending" actions are concerned. It may be conceded

that such legislative intent could have been more aptly expressed, but it is believed that the only reasonable construction of the section is as contended for by respondent.   In other words, the clause in controversy operates as a "saving clause." The effect of it is to preserve in force the previous statute as far as pending litigation is concerned.   It prevents the law from being retroactive.   When the legislature declared that "nothing in this section contained shall be construed or held to affect pending litigation," it simply meant that the section was not designed to change the existing order of things as to such cases.   Appellant's construction of the word "affect," as pointed out by respondent, would attribute to it the meaning, "to lay down the law for" or "to establish rules applicable to."   Hence, the clause is interpreted as though it meant: "Nothing in this section shall be construed as laying down the law for or establishing rules applicable to pending litigation."   But we must assume that the word was used in its ordinary signification: "to influence"; "to produce an effect upon"; "to act upon."   But it is obvious that in this sense of the term the section would "affect" pending litigation if it operated to change the law of damages in force at the time said amendment went into effect.   It is equally clear that the new section would not affect "pending" litigation if the old law is applied to such litigation.   It is apparent, in this connection, that the amended section would affect pending litigation whether it simply repealed the existing law in relation thereto or provided another law for the control of such litigation.   An illustration of the extremity to which appellant's contention would lead is furnished by respondent as follows: "Section 8 of the Code of Civil Procedure prescribes that 'no action or proceeding commenced before this code takes effect, and no right accrued, is affected by its provisions.'" Section 6 of the Civil Code is of the same import.   "According to the owner's contention, if an action had been started before the Civil Code took effect on a right theretofore given by statute, and the statute had been superseded by the provisions of the code which had made no changes in the law, the right of the plaintiff would have been destroyed, because the statute upon which his right was founded had been repealed and section 6 of the Civil Code provided that 'no action or proceeding commenced before this code takes effect, and no

right accrued is affected by its provisions.' There was, there-fore, no law under which the plaintiff could have proceeded. The fallacy of such a construction and course of reasoning is apparent. What purpose would section 6 of the Civil Code fill if construed according to the owner's theory? The result of giving the section such a construction would have been to destroy utterly all rights and proceedings pending at the time of the adoption of the code, although it is plain that the legis-lature intended by this very section to save them all.''

It would seem that the citation of any authority is hardly needed in support of respondent's position. We may refer, though, to two cases to which attention is directed in the brief. In *Commonwealth* v. *Bennett,* 108 Mass. 30, [11 Am. Rep. 304], the repealing statute provided that ''Nothing contained in this act shall affect any prosecution now pending or any penalty or forfeiture already incurred under the provisions of any law in force prior to the passage of this act.'' The court held that the repealing statute contained a saving clause which prevented the operation of the repeal and continued the repealed law in force as to all cases to which it referred. The same result is reached, though by a somewhat different train of reasoning, in the case of *People* v. *Sutter Street Ry. Co.,* 117 Cal. 604, [49 Pac. 736]. There the saving clause in the amendatory act was: ''Provided further that this act shall not affect any franchise or right of way granted before its passage.'' In the opinion it is declared that ''The effect, then, of the provision above quoted is that the new provisions do not affect existing franchises; that as to them the board cannot extend the time for completion. But the clause de-claring the forfeiture has not been repealed.'' It can ob-viously make no possible difference here whether we accept as technically sound the statement of the court in said case, quoting from *Ely* v. *Holton,* 15 N. Y. 598, that ''The portions of the amended section which are copied without change are not to be considered as repealed and re-enacted, but to have been the law all along.'' In that view, as we have seen from a comparison of the old section and the new, the law governing the present case was correctly declared by the lower court. But, accepting the principle of a repeal and re-enactment, it is clear from the saving clause that there was no repeal as to pending litigation.

We need not consider the further contention of respondent that "Even if there were no statute applicable at all, the rule applied is the general rule existing in the absence of statute."

The interesting argument of appellant to the point that a statute fixing the date of the issuance of the summons as the time for the determination of the value of the property is unconstitutional, we may also pass by, for the reason stated in *Los Angeles* v. *Gager,* 10 Cal. App. 378, [102 Pac. 17], that "The supreme court of this state has, since 1882, repeatedly and uniformly held to the contrary. (*California Southern R. Co.* v. *Kimball,* 61 Cal. 90; *Tehama* v. *Bryan,* 68 Cal. 57, [8 Pac. 673]; *San Jose etc. Ry. Co.* v. *Mayne,* 83 Cal. 566, [23 Pac. 522]; *City of Santa Cruz* v. *Brunner,* 132 Cal. 234, [64 Pac. 287]; *Pacific Coast Ry. Co.* v. *Porter,* 74 Cal. 261, [15 Pac. 774]; *Los Angeles* v. *Pomeroy,* 124 Cal. 597, [57 Pac. 585].)"

We think the ruling of the lower court was clearly correct, and the judgment is affirmed.

Hart, J., and Chipman, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 27, 1912.