In the Matter of the Application of the CITY OF NEW YORK, Respondent, Relative to Acquiring Lands for the Opening of Briggs Avenue in the Borough of the Bronx.

FRANK L. BACON, Appellant.

Condemnation proceedings — buildings erected after institution of proceedings — what award, if any, should be made for such buildings.

Where land is sought to be taken by a municipality for a street it is unconstitutional to prohibit any allowance to be made to the owner for a building erected or placed thereon after the filing of a map of the street, as prescribed by the municipal charter, since that imposes a restriction upon the use of the land which amounts to an incumbrance; but good faith must be exercised during the pendency of the proceedings by all parties affected thereby.

Where, after proceedings for condemnation have been commenced, the owner of the land acting in bad faith places thereon a building which has been moved from other land, and which has thus become personal property, just compensation to such owner does not require that the building so moved upon such land shall be used to enhance his damages. Such a building should be treated as personal property and damages awarded accordingly.

*Matter of City of New York* (*Briggs Avenue*), 132 App. Div. 930, affirmed.

(Argued October 5, 1909; decided November 9, 1909.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 28, 1909, which affirmed an order of Special Term confirming a supplemental and amended report of commissioners of estimate and assessment in a proceeding for the opening and widening of a city street.

The facts, so far as material, are stated in the opinion.

*Lawrence E. French* for appellant. During the pendency of a condemnation proceeding and up to the time that the city actually acquires the title to a piece of property proposed to be taken, the owner thereof may, even with the knowledge that the city intends to acquire the lot in the near

future, lawfully erect thereon a new building, or re-erect an old one, and having so lawfully used his property, he is entitled to compensation for its value in the proceeding authorized by law to acquire it for the public benefit. (*People ex rel. Swain* v. *Revillo*, 50 Misc. Rep. 474 ; *City of New York* v. *Mapes*, 6 Johns. Ch. 46 ; *Singer* v. *Mayor*, etc., 47 App. Div. 42 ; *Matter of Mayor*, etc., 49 App. Div. 7 ; *Matter of Wall St.*, 17 Barb. 617.)   The statute in this case made and provided authorizes and directs the acquisition of the title in fee of the lands, tenements and hereditaments required for street purposes.   Therefore, only that measure of estate which the statute contemplates and directs can be acquired, no more, no less.   Statutes in eminent domain are strictly construed against the condemnor. .(Lewis on Em. Dom. 672 ; *Matter of Lexington Avenue*, 17 N. Y. Supp. 872; *Brooklyn Park Comrs.* v. *Armstrong*, 45 N. Y. 234 ; *Matter of Water Com.*, 96 N. Y. 357 ; *Sweet* v. *B. N. Y. R. Co.*, 79 N. Y. 293 ; *Adams* v. *S. & W. Co.*, 10 N. Y. 328 ; *Schuchardt* v. *Mayor*, etc., 53 N. Y. 202.)   It was error for the commissioners, while ascertaining the compensation to be made for the acquisition of title, to consider as an element in fixing that compensation any state of facts affecting, or the condition of, that property after the moment of its acquisition by the city upon the vesting of title.   (*Matter of City of New York*, 118 App. Div. 272 ; *Vil. of St. Johnsville* v. *Smith*, 184 N. Y. 350.)

*Francis K. Pendleton, Corporation Counsel* (*Theodore Connoly, John P. Dunn* and *L. Howell La Motte* of counsel), for respondent.   The allowance of $3,500 made by the commissioners herein for the loss to the owner caused by the taking of part of a second-hand building was just compensation.   (Lewis on Em. Dom. [2d ed.] § 452.)

Chase, J.   On July 24, 1901, a resolution was duly adopted by the board of public improvements of the city of New York requesting the corporation counsel to take the

necessary proceedings to acquire title to the lands required for the purpose of opening and extending Briggs avenue in the borough of The Bronx, city of New York. At that time Briggs avenue was opened from Maple avenue to White Plains road and one Edwards was the owner of certain real property situated between said Maple avenue and White Plains road on the northerly side of said Briggs avenue as then opened. The proposed opening and extension of Briggs avenue would take from the lands so owned by Edwards a strip about eighteen feet in width along and adjoining said avenue. This proceeding was commenced and on the 9th day of December, 1901, commissioners were duly appointed by an order which was thereafter and on January 17, 1902, duly filed. The commissioners duly filed their oaths and organized as a board of commissioners, and on January 28, 1902, inspected the lands sought to be condemned. They thereafter published a notice to property owners to file their claims as required by statute. They met thereafter from time to time until July 3, 1902, when the damage maps were delivered to the commissioners, and on September 17, 1902, they commenced taking testimony relating to the damages of the several persons whose real property was proposed to be taken by the proceeding, and on May 18, 1904, signed their preliminary abstract of estimate and assessment, and caused the necessary advertisement to be published.

On June 26, 1902, said Edwards sold his said real property to the appellant. The appellant had prior thereto, and on or about June 1, 1902, acquired by purchase at auction a building which had been taken by the city and compensated for in another street opening proceeding, and then located on the White Plains road, a short distance from the real property purchased of Edwards. The land so purchased of Edwards was of more than sufficient depth on which to place the building so acquired by the appellant without its extending southerly of the proposed line of Briggs avenue. The appellant, however, removed the old building to the lands purchased of Edwards and placed the front thereof on or near the old line

of said Briggs avenue and about eighteen feet southerly from the proposed line of Briggs avenue. He commenced placing such building thereon about December 22, 1902, and finished the work of placing the same upon said lands May 20, 1903. Thereafter and on March 10, 1904, he reconveyed to his grantor, Edwards, the northerly or rear part of the real prop·erty, which had been purchased from him as stated on June 26, 1902. The effect of reconveying such rear part of said real property was to prevent moving said building back to the proposed line of Briggs avenue without to some extent interfering with an extension erected by him in connection with said building on the rear thereof. By the preliminary report of said commissioners no award was made to the appellant for that part of the building covering the lands taken from him in this proceeding. The report was thereafter confirmed by the Supreme Court. An appeal was taken from the order of confirmation by the appellant which resulted in a reversal of the order. (*Matter of City of New York* [*Briggs Avenue*], 118 App. Div. 224.) The commissioners thereafter took further testimony and made a supplemental and amended report by which they awarded to the appellant $4,765. They expressly stated in their award that " $3,500 of the above award is for the building. This amount represents what, in our judgment, it would cost the owner to move the building off the strip of land taken in this proceeding together with all other expenses incidental to the moving." The supplementary and amended report was thereafter confirmed. An appeal was taken from the order confirming such report to the Appellate Division where the order was unanimously affirmed. From such order of affirmance an appeal is taken to this court.

Some period of time necessarily elapses between the commencement of a proceeding to take property by the right of eminent domain and the order confirming the report of the commissioners appointed therein. There is always some uncertainty about the length of such intervening time and also as to the final outcome of the proceeding. The ordinary use of property sought to be condemned is not prevented by the

commencement of such a proceeding.  This court has held that
to prohibit the allowance to the owner of land taken for a
street, of any amount for a building erected or placed thereon
after the filing of a map of the street as prescribed by a
municipal charter, imposes a restriction upon the use of land
which amounts to an incumbrance and so is unconstitutional.
(*Forster* v. *Scott*, 136 N. Y. 577.)  When the property is
taken the compensation should be just to the owner, but it
should also be just to the public.  Good faith should be
exercised by all parties affected by the enforced intervening
time during the pendency of the proceeding.  (Lewis on
Eminent Domain, sec. 663 ; *Matter of Opening of Rogers
Avenue*, 29 Abb. [N. C.] 361 ; *Sherwood* v. *St. Paul & Chi-
cago R. Co.*, 21 Minn. 122.)  Some owners of real property
in our large cities where street opening and other condemna-
tion proceedings are of frequent occurrence, in undue reliance
upon assumed constitutional rights, have so planned by the
frequent moving of buildings upon lands successively sought
to be condemned that they have enhanced and doubled up
the aggregate damages to be paid by the municipality until
it constitutes an evil which deserves condemnation.  The
legislature has repeatedly attempted to make it impossi-
ble to use one building as a means of *improving* successive
pieces of property, thus enhancing the damages.  The business
referred to has become popularly known as " house planting."
The conceded facts in this case justify the statement of the
respondent that the appellant has acted in bad faith in
connection with placing the building on the land sought to be
condemned.  The building so placed upon such land had been
severed from the soil where it was originally erected.  It had
by such severance become personal property.  Where a build-
ing which has thus become personal property is moved by the
owner of lands sought to be condemned, and placed upon such
lands in bad faith and not in the natural, ordinary and legiti-
mate use of such real property, it should for the purposes of
the proceeding retain its character as personal property.  The
municipality in this case does not seek to condemn the build-

ing except as it is a part of the real property necessary to be taken by it. As personal property the owner can remove it from the premises. Just compensation to the owner of the lands taken does not require that such building so moved upon such lands shall be used to enhance the damages to be paid to him. Such a building so *planted* should be treated as personal property and the damages awarded accordingly. The appellant should not complain of the award made to him by the commissioners.

The order should be affirmed, with costs.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, VANN, WILLARD BARTLETT and HISCOCK, JJ., concur.

Order affirmed.