[Civil No. 3739. Filed December 21, 1936.]

[63 Pac. (2d) 189.]

MORGAN B. SHOWALTER, Appellant, v. STATE OF ARIZONA ex rel. JOHN L. SULLIVAN, Attorney General, Appellee.

Mr. W. L. Barnum, for Appellant.

Mr. John L. Sullivan, Attorney General, and Mr. A. I. Winsett, Assistant Attorney General, for Appellee.

ROSS, J.—This is a condemnation proceeding instituted by the State for the purpose of acquiring a small strip of defendant Showalter's land, needed in the process of widening State Highways Nos. 60, 70, 80, and 89, known through the city limits of Phoenix as Van Buren Street and also in its continuations outside of the city limits. The defendant's premises are outside of the city and consist of lots 4 and 5, block "C" Montezuma Heights, abutting the north line of Van Buren Street, with a frontage of 110 feet. The property desired to widen the street is 110 feet long and 2.88 feet wide at its easterly end and 3.28 feet at its westerly end, or 338.8 square feet, or 0.008 acres.

It was stipulated at the trial by the parties that the only question to be tried was the amount of damages defendant should recover. The jury returned a verdict for defendant for $1,259.83 as the amount of his damages, whereupon the court entered judgment for that sum in defendant's favor and in favor of plaintiff condemning the land for right of way. The defendant has appealed.

On July 29, 1932, the state highway department passed a resolution to widen Van Buren Street from 66 to 80 feet, and the pavement from 18 to 38 feet along its center.

This condemnation proceeding was instituted and the defendant served with summons on December 15, 1934. At that time there was on lot 4 a brick store building, with a 40-foot frontage on the north line of Van Buren Street and a 48-foot depth; and on lot 5 a service station, constructed of brick, with three concrete islands, equipped with gas pumps, etc., two of such islands being between the service station and the north line of Van Buren Street and one on such line, with driveways between for the accommodation of patrons.

The issue of damages was tried upon the theory that defendant was entitled to the value of the land taken and to an amount sufficient to place the store building and the service station in as good condition and repair as they were before widening of the street. It not being contended that the value of the uncondemned portion of the lots was less by reason of severance, this element of damages was not in the case, nor was any question involved as to benefits. See section 1343, Revised Code of 1928.

█ The statutory rule for assessing compensation and damages requires that their value be fixed as of the date of summons, which in this case was December 15, 1934. Section 1344, Id. We have heretofore said, in *Mosher* v. *City of Phoenix*, 39 Ariz. 470, 483, 7 Pac. (2d) 622, 627:

"The usual rule is that the measure of damages to a building is the cost of restoring it to the same condition in which it was just before damage was sustained."

Both sides submitted evidence upon the issue of compensation and damages, and as usual there was a wide difference in the estimates of the value of the land taken, as also of the amount necessary to put the improvements in as good condition as they were before

the taking. The defendant's first contention is that the lowest estimate of his damages by plaintiff's witnesses is more than the verdict. Several of plaintiff's witnesses testified that the land taken was of a value of $150. Only one of such witnesses said that it was worth less, and he fixed it at $135. Defendant's witnesses testified that it was worth from $550 to $600.

■ Mr. Jack Williams, whose business is house moving, stated that he had been engaged in house moving and changing the fronts of buildings along Van Buren Street and vicinity for quite a while; that he had moved a number of buildings back; that he was familiar with the cost of such work; that at the request of the highway department he had figured upon the cost of repairing the store building and the service station on defendant's lots and placing them in as good condition as they were originally. He estimated the total for such work to be $1,242.10, segregated as follows: Removing and replacing everything in connection with the gas station, $320.75; reconditioning the front of the store building, $481.85; extending the back of the building so that it would be its original length, $439.50. This is the lowest estimate of the cost of repairing and reconditioning the store building and service station and, when added to the value of the land at $135, the lowest value placed thereon, would be $1,377.10. Thus, according to the evidence of plaintiff's own witnesses, the verdict was $117.27 less than defendant should have recovered.

■ ■ The court permitted the plaintiff, over the objections of defendant, to introduce the evidence of two witnesses to the effect that they had, at the time defendant was constructing or reconstructing his service station, reminded him that the state highway department was contemplating the widening of Van Buren Street to 80 feet and that he should put his im-

provements well back on his premises and save trouble. It is contended that this evidence was incompetent and prejudicial. From our search of the authorities we feel that the rule stated in Ruling Case Law (10 R. C. L. 142, § 124), as follows:

"Knowledge of the fact that a public improvement is proposed which will result in the taking of his land does not deprive an owner from recovering the value of buildings subsequently erected, since even though preliminary steps have been taken the making of the contemplated improvement may be abandoned, and it would be highly unjust to deprive an owner of the right to make in good faith the best use of his property except at his peril," is correct.

See, also, 20 Corpus Juris, 802, § 248; *Forster* v. *Scott,* 136 N. Y. 577, 32 N. E. 976, 18 L. R. A. 543; *Driver* v. *Western Union Railroad Co.,* 32 Wis. 569, 14 Am. Rep. 726; *In re City of New York,* 196 N. Y. 255, 89 N. E. 814, 17 Ann. Cas. 1032, 36 L. R. A. (N. S.) 273. There is a line of cases that holds that a landowner whose property is about to be condemned for highway purposes may not, if he has been officially notified or if legal steps have been instituted to take his property, make improvements thereon for the purpose of enhancing his damages. In other words, he may not act in bad faith. *In re City of New York, supra,* and particularly notes thereto in 17 Ann. Cas. 1033 and 36 L. R. A. (N. S.) 273. For instance, if defendant had made his improvements after the resolution of intention by the highway department to widen the street, under these cases he might not be entitled to recover. The evidence clearly showing that defendant's improvements were made about two years before any legal steps were taken to condemn the property, the evidence was improperly admitted.

Since it becomes necessary to remand the case for a new trial, we make the following observations:

We have treated the matter of the service station improvements as being entirely upon defendant's land and outside of the old right of way. However, the map or plat introduced (Plaintiff's Exhibit "A" in evidence), showing the lines of the old highway and the new as proposed, indicates that the outer island was in part upon the old highway. We have examined the testimony of the witnesses, and unfortunately they were not interrogated concerning this matter, and therefore we do not know whether such island was in part on the old highway. The engineer for the state highway department who testified in the case stated that the map was prepared under his direction, and when asked whether it showed "the true conditions with reference to the location of the highway and the location of the property and the extent of the property," answered he believed it did. If, as a matter of fact, defendant placed such island partly upon the old highway, it would be his duty to remove it therefrom at his own expense and not at the expense of the state. This point should be gone into more thoroughly on the retrial.

From an examination of the evidence it does not definitely appear that the statutory rule for fixing compensation and damages as of the date of the summons was followed. No instruction to that effect was given. The jury should be informed on this point on the retrial.

Section 1343, *supra*, segregates the different elements of damages and ends with this sentence: "As far as practicable, compensation must be assessed for each source of damage separately." The form of verdict given to the jury and returned was one for general damages. The items were not segregated. It seems to us that it was practicable to state these items separately and that it should have been done.

For the reason that the verdict and judgment are insufficient under the evidence, and the error in admitting evidence, the judgment of the lower court is reversed, and the cause remanded, with directions that the defendant be granted a new trial.

LOCKWOOD, C. J., and McALISTER, J., concur.