ISABELLE E. PLATT, Plaintiff, *v.* CITY OF NEW YORK et al., Defendants.

Supreme Court, Special Term, Kings County, September 26, 1949.

*Daniel Cohen* for plaintiff.

*John P. McGrath, Corporation Counsel (Nathan Brilliant* and *Harry E. O'Donnell* of counsel), for defendants.

KLEINFELD, J. Motion by defendants to dismiss complaint for failure to state facts constituting a cause of action.

The complaint alleges that a proposed parkway shown on the " Master Plan of the City of New York " includes real property belonging to plaintiff; that the defendants have directed the building department not to permit any building on said property; that plaintiff derives an income from the sale of the property; and that plaintiff's customers now refuse to buy the property.

The master plan was prepared pursuant to the provisions of sections 26 to 39 of the General City Law. Section 35 authorizes the refusal of permits for " any building in the bed of any street or highway shown or laid out on such map or plan ", and grants authority to the board of standards and appeals to grant variances " which will as little as practicable increase the cost of opening such street or highway ". Defendants acted in conformance with the statute, and unless the plaintiff properly alleges an impairment of plaintiff's constitutional rights, the motion should be granted.

It has been held that a statute is unconstitutional as an unreasonable restriction upon the use of private property, if it prohibits any compensation in subsequent condemnation proceedings for buildings erected upon land taken for highway purposes, after the filing of a map of the street. (*Matter of City of New York,* 196 N. Y. 255; *Forster* v. *Scott,* 136 N. Y. 577.) Section 35 of the General City Law provides a method for obtaining a building permit and does not prohibit compensation for buildings so permitted; and hence, defendants attempt to distinguish section 35 from the statutes involved in the reported cases cited above. But plaintiff alleges that she " derives a major portion of her livelihood from the sale of her real property ". Plaintiff is, thus, in no position to submit plans and apply for a variance. The statute affords her no remedy, and defendants' contention, that she has no cause of action because she has not yet exhausted her remedies under the statute, is untenable. The police power of the State extends to the restriction of use of private property for the public welfare. However, when such restriction becomes unreasonable, it may amount to confiscation. (*Arverne Bay Const. Co.* v. *Thatcher,* 278 N. Y. 222.)

Whether or not the complaint properly alleges pecuniary damage is not material for the purposes of this motion. Plaintiff may be entitled to equitable relief. If any cause of action is pleaded, the complaint is sufficient.

Motion denied. Settle order on notice.