319 P.2d 995

**COUNTY OF MARICOPA, a body politic, Appellant,**

v.

**Gerald B. PAYSNOE and Lorraine Paysnoe, his wife, Appellees.**

No. 6256.

Supreme Court of Arizona.

Dec. 31, 1957.

Lewis, Roca, Scoville & Beauchamp, Phoenix, for appellant.

James E. Flynn and J. C. Raineri, Phoenix, for appellees.

STRUCKMEYER, Justice.

This action originated as a proceeding in condemnation brought by Maricopa County to acquire the north 7 feet of Lots 23 and 24, East Thomas Road Tract, for the purpose of improving facilities for highway travel. Lot 23 is substantially vacant; on Lot 24 there is a building used for restaurant purposes. The trial court in its memorandum of decision prior to judgment stated that some severance damage was suffered by Lot 23 and that substantial severance damage was suffered by Lot 24. Findings of fact were thereafter approved, fixing the severance damage to these lots as $7,500 and judgment was entered in favor of the appellees in the sum of $11,500, the total of the property taken and severance damage to the remainder. Appellees' witnesses, three in number, variously placed the severance damages to Lot 23 at from $3,500 to $5,000, and to Lot 24 from $30,000 to $35,000. The appellant's single witness appraised Lots 23 and 24 as one parcel, and fixed the severance damages at the nominal figure of $500.

It is appellant's position in this court on appeal that the only evidence which the trial court could use in fixing the severance damages to the two lots is the evidence of appellant's single witness for the reason that contiguous lots in common ownership devoted to the same use must be considered as one parcel in arriving at damages. This principle of evaluation for the purpose of determining severance damages has been recognized by this court. State ex rel. La Prade v. Carrow, 57 Ariz. 429, 114 P.2d 891. Assuming without deciding that these lots were at the time of taking devoted to the same use, we are still not convinced that they are to be arbitrarily treated as a single unit in determining appellees' severance damages.

In this state by constitutional mandate, Art. 2, § 17, A.R.S. private prop-

erty cannot be taken or damaged for public use without just compensation. This means that an infringement on the use of property which would diminish its value in whole or in part is a loss which must be compensated. Maricopa County Municipal W. C. D. No. 1 v. Warford, 69 Ariz. 1, 206 P.2d 1168; In re Forsstrom, 44 Ariz. 472, 38 P.2d 878. The proper measure of damage where the remainder of the property is reduced in value by a partial taking is the difference between the market value before and after the taking. Pima County v. De Concini, 79 Ariz. 154, 285 P.2d 609. The market value of the property injured must be viewed in the light of the uses and purposes to which the property is adapted or to which it may be reasonably applied. Viliborghi v. Prescott School Dist. No. 1, 55 Ariz. 230, 100 P.2d 178.

 Both of these lots front on Thomas Road; they are both zoned commercial; and each in the light of the uncontradicted evidence had at the time of the taking value as a lot for commercial purposes independent of the other. Appellees were entitled to have their lots separately valued on the basis of the highest use. A valuation which does not take into consideration the highest use would not be the fair market value and therefore would not be just compensation. That Lot 23 was in part at times used for overflow parking by patrons attending the restaurant on Lot 24 does not detract from the fact that it had a separate market value

as a commercial lot. An owner who is making only a minor use of premises cannot be deprived of its value for a major use if that major use goes to a higher market value. City of Stockton v. Ellingwood, 96 Cal.App. 708, 275 P. 228.

 We hold that the appellant's valuation of the two lots as one parcel was not the proper measure of appellees' damage because in this case it did not give consideration to the market value of Lot 23 for commercial purposes independent of Lot 24. The trial court, therefore, did not err in considering that each lot had severance damages independent of the other and in determining that appellees were damaged in some amount by reason thereof. If a bona fide dispute did exist arising out of facts in evidence which created an issue as to the most valuable use to which the land might be applied, then there would be a proper question for the determination of the court or jury. In re Queen Anne Boulevard, 77 Wash. 91, 137 P. 435, 442.

 It is appellant's further argument that if Lots 23 and 24 cannot be evaluated as a single parcel, then the trial court committed reversible error in entering judgment in the total sum of $11,500 for the reason it did not separately state in the judgment the value of the parts taken and the severance damage sustained by each lot. This, appellant urges, is required by the plain meaning of the statute § 12–1122,

240

A.R.S.1956.[1] With this we are also unable to agree.

It is clear from the most casual perusal of § 12–1122 that no specific injunction is laid upon the court to fix in the judgment the matters and things therein enumerated. The language of the Big Lost River Irr. Co. v. Davidson, 21 Idaho 160, 121 P. 88, 93 is pertinent to the question here. There the court, under an identical statute, (5220 Idaho Rev.Codes) said:

"* * * The statute does not provide the form of judgment to be entered for the damages fixed and assessed by either the court, jury, or referee, under the provisions of section 5220; but under that section of the statute there could be but one form of judgment, and that would be a common, ordinary form of judgment for the recovery of money, * * * and is a judgment in personam against the plaintiff, and upon which an execution may issue * * *."

Appellant relies on Vallejo & N. R. Co. v. Home Savings Bank, 24 Cal.App. 166, 140 P. 974. There complaint was made of the trial court's ruling on a point of evidence as to whether the market value of the improvements could be shown independent of the realty. In passing on this point, no statement was made whatsoever suggesting that *the judgment* must include separately the different matters enumerated in the statute.

■■ We have heretofore held under Paragraph B of § 12–1122 that generally in complying with this section, the form of verdict given to the jury should segregate the items if it is practicable to state

1. "§ 12–1122. Ascertainment and assessment of value, damages and benefits.

"A. The court or jury shall ascertain and assess:

"1. The value of the property sought to be condemned and all improvements thereon pertaining to the realty, and of each and every separate estate or interest therein, and if it consists of different parcels, the value of each parcel and each estate or interest therein separately.

"2. If the property sought to be condemned constitutes only a part of a larger parcel, the damages which will accrue to the portion not sought to be condemned by reason of its severance from the portion sought to be condemned, and the construction of the improvement in the manner proposed by the plaintiff.

"3. How much the portion not sought to be condemned and each estate or interest therein will be benefited separately, if at all, by construction of the improvement proposed by plaintiff. If the benefit is equal to the damages assessed under paragraph 2 of this subsection, the owner of the parcel shall be allowed no compensation except for the value of the portion taken, but if the benefit is less than the damages so assessed, the benefit shall be deducted from the damages, and the remainder shall be the only damages allowed in addition to the value.

"4. If the property sought to be condemned is for a railroad, the cost of good and sufficient fences along the line of the railroad, and the cost of cattle guards where fences may cross the line of the railroad.

"B. As far as practicable, compensation shall be assessed for each source of damage separately."

those items separately. Showalter v. State, 48 Ariz. 523, 528, 63 P.2d 189, and we have no doubt that on a timely request to the trial court sitting without a jury, findings of fact should be made as to specific items. If, however, as here, no request is made for a particular finding or the insufficiency of findings is not raised in the lower court, this court will not on appeal consider whether there should have been other findings. Burnside v. Douglas School Dist. No. 27, 33 Ariz. 1, 261 P. 629.

For the foregoing reasons, the judgment is affirmed.

UDALL, C. J., and WINDES, PHELPS and JOHNSON, JJ., concur.