358 P.2d 174

STATE of Arizona ex rel. William E. WIL-
LEY, State Highway Engineer,
Appellant,

v.

Harry E. GRIGGS and Maurine Griggs, his
wife, Appellees.

No. 7150.

Supreme Court of Arizona.

Dec. 21, 1960.

Wade Church, Atty. Gen., Jay Dushoff, John T. Amey, Asst. Attys. Gen., for appellant.

Dunseath, Stubbs, Morse & Burch, Tucson, for appellees.

BERNSTEIN, Justice.

This appeal challenges the constitutionality of A.R.S. § 18–155(D), which deals with the procedure for evaluating and condemning private property for public use by the State Highway Commission.

On February 17, 1959, the State Highway Commission (hereinafter referred to as the "State" or the "Commission") pursuant to the above statute, passed a resolution stating that a portion of a tract of land owned by appellees (hereinafter referred to as "appellees" or "defendant-landowners") was to be condemned in connection with the improvement of a section of the Casa Grande-Tucson Highway. Appellees were notified of the resolution on the above date, and a complaint in condemnation was filed on September 9, 1959, as a result of which the property of appellees was condemned.

A.R.S. § 18–155(D), which generated this appeal, and which is here construed by

this Court for the first time, reads as follows:

"D. For the purpose of assessing compensation and damages for the taking of property under the power of eminent domain for the purposes herein provided, its actual value immediately preceding the date on which the said highway commission by resolution establishes the necessity of acquiring said property for said purposes, shall be the measure of compensation and damages; and no sale, lease, agreement or other transaction affecting such property made thereafter shall constitute evidence of its value; and improvements placed upon such property subsequent to the date of such resolution shall not be included in the assessment of compensation and damages. Notice of the Commission's action shall be given by filing a certified copy of the resolution together with a map showing the location and route of the highway affecting such property or properties in the office of the county recorder of the county in which the property is situated and by mailing a copy of said resolution and map to all persons having an interest of record in such property at their last known addresses. In the event that action is not commenced in the superior court in the county in which the property is situated within two years from the date of said resolution to acquire such property under the power of eminent domain, then the measure of compensation shall be as of the date of the summons. The commission may at any time prior to payment of the compensation and damages awarded the defendants by the court or jury abandon the proceedings and cause the action to be dismissed without prejudice provided, however, that the court may require that reasonable attorneys' fees, expert witness fees and costs be paid as a condition of dismissal."

The provision is involved in this appeal because the State contends the date of valuation should be February 17, 1959, the resolution date, whereas the defendant-landowners argue that the valuation date should be September 9, 1959, the date of the summons. The parties stipulated that if the resolution date was proper for valuation, the damages amounted to $21,000, but that if the summons date governed valuation, then the damages were $26,000. Defendants' motion for summary judgment was then granted by the lower court, which indicated in its judgment that September 9, 1959, the summons date, had been adopted as the date of valuation. The State appealed, asserting that "in granting appellees' motion for summary judgment, the trial court, in effect, ruled that Section 18-155(D) is unconstitutional insofar as it

establishes the date of resolution as the valuation date."

The Arizona Constitution provides in Article 2, section 4, A.R.S., that "No person shall be deprived of * * * property without due process of law." More specifically, in section 17 of Article 2, the Constitution states that "No private property shall be taken or damaged for public * * * use without just compensation having first been made, or paid into court for the owner * * *." In County of Maricopa v. Paysnoe, 83 Ariz. 236, 239, 319 P.2d 995, 996, we said that section 17 "means that an infringement on the use of property which would diminish its value in whole or in part is a loss which must be compensated." In our view, a resolution adopted pursuant to section 18–155(D) has the effect of diminishing the value of a landowner's property.

The language of section 18–155(D) makes clear to the landowner that from the date of the resolution, he acts at his peril when entering any transaction with respect to the land. This is because although the State may never actually condemn the property, if it does, no transaction, appreciation, or improvement enhancing the property's value after the date of the resolution, can be included in the award of compensation. It is apparent that from the date of the resolution, the use to which the land can be put by its owner is restricted severely: its saleability is reduced, leasing is made less feasible, and improvements effectively prohibited. Thus, as the Supreme Court of Iowa stated in Liddick v. City of Council Bluffs, 232 Iowa 197, 219, 5 N.W.2d 361, 373, quoting from section 65, Lewis on Eminent Domain:

> " 'If property, then, consists not in tangible things themselves, but in certain rights in and appurtenant to those things, it follows that, when a person is deprived of any of those rights, he is to that extent deprived of his property, and hence that *his property may be taken in a constitutional sense, though his title and possession remain undisturbed*; and it may be laid down as a general proposition, based upon the nature of property itself, that, whenever the lawful rights of an individual to the possession, use or enjoyment of his land are in any degree abridged or destroyed by reason of the exercise of the power of eminent domain his property is pro tanto taken, and he is entitled to compensation.' "
> (Emphasis supplied.)

In re Forsstrom, 44 Ariz. 472, 481, 38 P.2d 878, 882 (overruled on other grounds); Cf. Pima County v. Bilby, 87 Ariz. 366, 371, 351 P.2d 647, 650; see also James v. City of Greenville, 227 S.C. 565, 578–579, 88 S.E.2d 661, 667; Gasque v. Town of Conway, 194 S.C. 15, 21, 8 S.E.2d 871, 873–874.

We think section 18–155(D) offends Article 2, section 17, in other respects. It gives the State two years in which to decide whether or not to condemn the property, during which time the landowner's rights may be greatly inhibited, as suggested above. Moreover, the State need not act to condemn the property at all; it can abandon entirely the plans announced in the resolution, leaving the *landowner* to suffer whatever loss has been occasioned by the State's delay in deciding whether or not to file an action. The statute gives no compensation where the *property eventually is condemned*, despite the interference with his rights which the owner has endured, and the diminution in value which his land suffers prior to the institution of legal proceedings.

In its brief, however, the State argues that enactment of section 18–155(D) is a justifiable exercise of the state's police power. The assertion is made that "the legislature may constitutionally regulate the use and enjoyment of private property in the interest of the public health, safety or general welfare, so long as the means adopted is reasonably calculated to deal effectively with the problem." The statement is then made that "although such is not the case here, a restriction upon use does not become inappropriate as a means, even where it deprives the owner of the only use to which the property can then be profitably put." The latter statement is supported by citation to four U. S. Supreme Court cases, all of which are distinguishable from the case at bar. The cited cases upheld regulations prohibiting. the manufacture of liquor (Mugler v. State of Kansas, 123 U.S. 623, 8 S.Ct. 273, 31 L.Ed. 205), oleomargarine (Powell v. Commonwealth of Pennsylvania, 127 U.S. 678, 8 S.Ct. 992, 32 L.Ed. 253), bricks (Hadacheck v. Sebastian, Chief of Police of Los Angeles, 239 U.S. 394, 36 S.Ct. 143, 60 L.Ed. 348), and the storage of gasoline within 300 feet of dwellings (Pierce Oil Corp. v. City of Hope, 248 U.S. 498, 39 S.Ct. 172, 63 L.Ed. 381). In all four cases the regulations were sustained as valid police measures. In each case, the challenged regulation prohibited the use to which the property was being put, *because such use was thought to be injurious to the public health or safety.*

In the instant case, the State does not contend that the landowner's property is injuring the public health, safety or welfare. By a circuitous route, the State argues that section 18–155(D) will enable the Commission to conserve money, admittedly at the property owner's expense, and that such savings will then permit the State to make safer highway facilities for the movement of vehicular traffic. Under the State's reasoning, any regulation which *conserves money thereafter used to protect or better the public health or safety, is*

a valid police measure, despite the disruptive effect which such regulation may have on individual rights. In Edwards v. State Board of Barber Examiners, 72 Ariz. 108, 112, 231 P.2d 450, 452, this Court stated that

"A law enacted in the exercise of the police power must, in fact, be a police law.

\*　　\*　　\*　　\*　　\*　　\*

"\* \* \* the means adopted must be \* \* \* impartial in operation and not unduly oppressive upon individuals, must have a real and substantial relation to their purpose, and must not interfere with private rights beyond the necessities of the situation. The benefits to society, reasonably to be expected, must not be out of proportion to the restraint imposed and the detriment inflicted on citizens by such restraint."

Whatever the nature of section 18–155(D) is alleged to be, in essence it provides a method whereby the State can condemn private property for highway purposes and save money in the process. Its primary purpose is *not to regulate the use of private property* in the interest of the public health, safety or welfare. See State v. Beadle, 84 Ariz. 217, 221–222, 326 P.2d 344, 347. While, as the State points out, the need for highways is pressing, the property of appellees may not be taken without compensation, nor may they be deprived of the use and enjoyment of such property for an indefinite period, *in the guise of regulation*, even for a public purpose. Thus, in Pennsylvania Coal Co. v. Mahon, Mr. Justice Holmes stated

"\* \* \* that while property may be regulated to a certain extent [under the police power], if the regulation goes too far, it will be recognized as a taking." 260 U.S. 393, 415, 43 S.Ct. 158, 160, 67 L.Ed. 322.

He then cautioned:

"We are in danger of forgetting that a strong public desire to improve the public condition is not enough to warrant achieving the desire by a shorter cut than the constitutional way of paying for the change." 260 U.S. at page 416, 43 S.Ct. at page 160.

Accord, Arkansas State Highway Commission v. Union Planters National Bank, 230 Ark. ——, 333 S.W.2d 904, 908; Vartelas v. Water Resources Commission, 146 Conn. 650, 153 A.2d 822, 824; Roer Construction Corp. v. City of New Rochelle, 207 Misc. 46, 136 N.Y.S.2d 414, 418; Arverne Bay Construction Co. v. Thatcher, 278 N.Y. 222, 15 N.E.2d 587, 117 A.L.R. 1110.

We hold that the interference with private property rights prescribed by section 18–155(D) is neither an appropriate nor justifiable means for exercising the State's police power.

We also believe the deprivation and depreciation of the landowner's rights caused by section 18-155(D), without payment of compensation, to be in violation of Article 2, section 17 of the Arizona Constitution, insofar as that provision requires just compensation for any private property taken or damaged for public use. County of Maricopa v. Paysnoe, supra. Section 18-155(D) gives the Commission a two year *locus penitentiae* in taking or damaging private property for highways—two years to change their mind or pay. This the State cannot have. Accord, Miller v. City of Beaver Falls, 368 Pa. 189, 197–198, 82 A.2d 34, 38; Forster v. Scott, 136 N.Y. 577, 32 N.E. 976, 18 L.R.A. 543. However, the State is not without a remedy. If it desires appellees' land for a highway, it can lawfully condemn it in accordance with the Constitution. All that is required is that just compensation be paid. The statute here under review makes no provision for just compensation and is hereby declared unconstitutional.

Other questions raised in the briefs were not discussed herein because they were not deemed essential to a determination of the constitutional issues.

The judgment below is affirmed.

STRUCKMEYER, C. J., and PHELPS, UDALL, and JENNINGS, JJ., concurring.