367 P.2d 202

**James DONG and Betty Dong, husband and wife, Appellants,**

**v.**

**STATE of Arizona ex rel. William E. WILLEY, State Highway Engineer, Appellee.**

No. 7199.

Supreme Court of Arizona. En Banc.

Nov. 29, 1961.

Kramer, Roche, Burch & Streich, Phoenix, for appellants.

Wade E. Church, former Atty. Gen., and Stanley Z. Goodfarb, Asst. Atty. Gen., for appellee.

JENNINGS, Justice.

This is an action in condemnation. The facts briefly are as follows: Acting upon a prior 1956 recommendation and resolution of the Arizona Highway Commission with regard to the Phoenix Interstate Freeway, agents of the Right-of-Way Division of the Arizona Highway Department on June 5, 1958, contacted Bonifacia Contres Romero, the purported owner of the property. Arizona Highway Department appraisers determined the fair market value of the subject property to be $3,390 which amount was offered Romero. On September 5, 1958, the Arizona Highway Commission adopted its resolution authorizing the State Highway Engineer to acquire the property in question by condemnation or otherwise. Up to this time the property value remained constant.

An escrow was established with Phoenix Title & Trust Company of Phoenix, Arizona. However, the title company shortly advised that Romero was not the owner of the property as she had transferred the property June 5, 1958, by warranty deed to appellants Dong.

Unable to deliver title, Romero vacated the premises early in January 1959. Before February of that year the improvements on the property consisting of a modest city lot dwelling had been vandalized, thus rendering them valueless.

Thereafter, in May of 1959 an appraiser appointed by the Highway Department determined the property fair market value to be $1,850. On December 21, 1959, nearly one year after the vandalization of the premises, this condemnation action was filed in the superior court and summons was issued. The trial court awarded appellants the sum of $1,850 from which award this appeal is made. The issue for determination therefore is whether valuation of the condemned property should be fixed as of September 5, 1958, the date of the resolution of the Arizona Highway Commission [as specified in A.R.S. § 18–155, subd. D] or December 21, 1959, the date of the filing of the summons. Appellants urge that A.R.S. § 18–155, subd. D is applicable in the instant situation. This statutory provision, enacted in 1958, changed the time of measuring the value of property condemned for state highway purposes from the date of the summons (A.R.S. § 12–1123) to the date of the Arizona Highway Commission's Resolution.

However, on December 21, 1960, this Court in State ex rel. Willey v. Griggs, 89 Ariz. 70, 358 P.2d 174, held this particular statutory section to be unconstitutional. The invalidity of that statute, therefore, requires that in this instance we must look to A.R.S. § 12–1123, subd. A in order to determine the date of valuation. That section is a general condemnation statute and is as follows:

"A. For the purpose of assessing compensation and damages, the right thereto shall be deemed to accrue at the *date of the summons,* and its actual value at that date shall be the measure of compensation and damages." (Emphasis ours.)

The valuation as at the date of the summons was $1,850, the amount awarded by the trial court.

■ Appellants contend that even though A.R.S. § 18–155, subd. D has been declared unconstitutional that the spirit of the statute should be applied in the instant case. In support of their contention appellants cite State ex rel. Willey v. Griggs, supra, 358 P.2d at page 176:

"* * * Moreover, the State need not act to condemn the property at all; it can abandon entirely the plans announced in the resolution, leaving the landowner to suffer whatever loss has been occasioned by the State's delay in deciding whether or not to file an action. The statute gives no compensation where the property eventually is condemned, despite the interference with his rights which the owner has endured, and the diminution in value which his land suffers prior to the institution of legal proceedings."

We cannot agree with appellants' interpretation.

In the instant case the delay in actual acquisition and condemnation of the land was not due to fault of the State nor due to any interference of property rights by the State. Bonifacia Contres Romero informed the agents of the Arizona Highway Department that she would provide clear title after it was determined she did not have it. On March 27, 1959 she filed an action in the Superior Court of Maricopa County to cancel the deed referred to above by which she conveyed the property to appellants Dong. When subsequently Dong was found to be the rightful owner proper steps were taken to effect the condemnation proceedings.

The trial court could not on the basis of the stipulated facts before it make any other finding than it did.

Judgment affirmed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and LOCKWOOD, JJ., concurring.