CITY AND COUNTY OF HONOLULU, a municipal corporation, Plaintiff-Appellee, *v.* FREDERIC KWAI TIN CHUN, RUBY WONG CHUN, Defendants-Appellants, and AETNA LIFE INSURANCE COMPANY and FINANCE FACTORS, LIMITED, Defendants

No. 5218

February 14, 1973

Richardson, C.J., Marumoto, Abe, Levinson and Kobayashi, JJ.

OPINION OF THE COURT BY ABE, J.

The appellants, hereinafter referred to as the "Chuns," are owners of property located at the corner of Prospect and Emerson Streets in the City and County of Honolulu. The property runs along the hillside of Punchbowl and slopes toward Prospect Street. Prior to April 30, 1969, the Chuns had received approval of their plan for the construction of an apartment on the subject property.

On April 30, 1969, the appellee, hereinafter referred to as the "City and County," notified the Chuns that the City and County had authorized acquisition of a portion of their property for a proposed street widening project. A moss rock retaining wall which provided lateral support for the Chun's property was located on the two parcels that the City and County was authorized to acquire.

Sometime after the notice of April 30, 1969, but before the date of summons of the condemnation action now before this court, the Chuns, on advice of their structural engineer, caused a new concrete retaining wall to be built on the setback line indicated by the proposed street widening project. The uncontradicted testimony in a jury-waived trial reveals that the new wall would have been necessary if the old moss rock wall were removed, and economies were realized in constructing the wall at the same time as the apartment was being built since men and equipment were on the site and the weight of the partially constructed building would entail less technological difficulties than would have been encountered if the completed building were on the same land.

The trial court awarded the Chuns $36,386.00 for the land and $5,800.00 for the old wall. The trial court further found "[t]hat on September 24, 1970, the dated [sic] of summons, the defendant sustained no severance damages as a result of the condemnation of said parcels 1 & 2 including the new concrete retaining wall and other improvements claimed by the defendants."

The only question before this court is whether the trial court properly denied the Chuns severance damages for the new concrete retaining wall. We hold that it did.

We do not believe that anything was damaged or taken except the land actually taken and an old moss rock wall. The law in this jurisdiction is that in a condemnation action the date of summons establishes the point in time at which the compensation for property taken or

damaged due to partial taking is to be computed. HRS § 101-24 provides:

> "For the purpose of assessing compensation and damages, the right thereto shall be deemed to have accrued at the *date of summons,* and except as provided in section 46-6, its actual value *at that date* shall be the measure of valuation of all property to be condemned, and the basis of damage to property by reason of its severance from the portion sought to be condemned, subject, however, to section 101-23." (Emphasis added.)

HRS § 46-6 pertaining to county ordinances to require a subdivider to provide park and playground facilities has no application in this case. HRS § 101-23 covers valuation methods and is not germane to our present discussion of fixing the time at which these methods should apply.

In construing the same language in RLH 1935 § 64 this court in *Honolulu v. Lord,* 36 Haw. 348, 354 (1943), held that:

> "To say that the defendant's right to compensation and damages shall be deemed to have 'accrued' at the date of the summons is equivalent to saying that his property shall be deemed to have been taken at that time."

The language in the statute must also mean that severance damages are sustained at the date of summons.

At the date of summons in this case, the new concrete wall had already been built. The new concrete wall was not taken; lateral support for the Chun's remaining land was not taken since the new wall provided such support, nor do we perceive any severance damage to the land or improvement thereon not condemned.

The cases cited in the Chuns' brief for the proposition that building of a wall is compensable where the wall

is necessary to restore the condemnees' remaining property to its previously available use are distinguishable from the case now before us. The Chuns built the wall *before* the commencement of the condemnation action. In each of the cases cited by the Chuns, the wall was built *after* the condemnor had commenced condemnation proceedings.

It is true that construction of the wall before the date of summons lessens the cost of condemnation to the City and County. However, the law is too clear, and we cannot support Chuns' contention that a taking had occurred before the date of service of summons.

"The mere passage of legislation authorizing acquisition of property by eminent domain is ordinarily not sufficient in and of itself to constitute a taking." 2 *Nichols on Eminent Domain* § 6.13. Nor is taking or damaging of property accomplished by negotiating to purchase it. *Eckoff* v. *Forest Preserve Dist.*, 377 Ill. 208, 36 N.E. 2d 245 (1941).

We deem the Chuns' argument with respect to estoppel without merit.

The judgment and orders appealed from are affirmed.

*Arthur S. K. Fong* for defendants-appellants.

*Wesley Fong,* Deputy Corporation Counsel (*Paul Devens,* Corporation Counsel, and *Winston H. Jensen,* Deputy Corporation Counsel, on the brief), for plaintiff-appellee.

---

### DISSENTING OPINION OF LEVINSON, J.

I dissent. Since this is a case of first impression, I believe we are obligated to examine the issues raised with greater thoroughness than is achieved by the majority's disposition on the sole basis of the language of HRS § 101-24. To say that the language speaks for itself, which

the majority in effect does here, is self-serving and hardly an adequate response to the requirement of just compensation imposed by the Constitutions of the United States and the State of Hawaii.[1] HRS § 101-24, which sets the date of valuation for purposes of compensation at the time of summons, is not necessarily dispositive.

It should be noted at the outset that the appellants clearly would have been entitled to compensation for the lateral support provided by the land taken and the old moss rock retaining wall if the appellants had elected to postpone erecting a new wall until after the high-rise apartment building was constructed and the summons issued in the eminent domain proceedings. 4A NICHOLS, THE LAW OF EMINENT DOMAIN § 14.244[3] (Rev. 3d ed. 1971). The result of such an election, however, would have been a greater cost to the condemnor, because at the later point in time the men and equipment necessary to build the wall would have had to be returned to the site and the engineering problems to be solved would have been more difficult. The landowner decided to mitigate damages and should not be penalized for having done so.

Despite the fact that on its face, at least, HRS § 101-24 does not authorize compensation for the lateral support provided by the land taken and the old moss rock wall, since the new wall was already in place and providing lateral support on the date of summons, the constitutional requirements of just compensation must be given effect. In a condemnation case decided by the United States Supreme Court last month, *United States* v. *Fuller*, 409 U.S. 408 (1973), Mr. Justice Rehnquist's opinion for the Court furnished a succinct summation of just compensation, truly capturing its spirit:

---

[1]The Fifth Amendment to the United States Constitution says, in part:
[N]or shall private property be taken for public use, without just compensation.

Article I, section 18 of Hawaii's Constitution provides:

Private property shall not be taken or damaged for public use without just compensation.

Our prior decisions have variously defined the term "just compensation" which the Fifth Amendment requires to be made when the Government exercises its power of eminent domain. The owner is entitled to fair market value, *United States* v. *Miller*, 317 U.S. 369, 374 (1943), but that term is "not an absolute standard nor an exclusive method of valuation." *United States* v. *Virginia Electric & Power Co.*, 365 U.S. 624, 633 (1961). The constitutional requirement of just compensation derives as much content from the basic equitable principles of fairness, *United States* v. *Commodities Trading Corp.*, 339 U.S. 121, 124, (1950), as it does from technical concepts of property law.

A significant decision was rendered by a unanimous Supreme Court of California in *Klopping* v. *City of Whittier*, 8 Cal. 3d 39, 500 P.2d 1345, 104 Cal. Rptr. 1 (1972). That case involved a resolution by the city to create a parking district, after which condemnation proceedings were initiated against the plaintiff's property and assessments were levied to pay for the costs. The legality of the assessments was challenged, and the city adopted a second resolution, authorizing the dismissal of the pending condemnation suits, but declaring an intention to reinstitute them when and if the controversy over the assessments was terminated in the city's favor.

The opinion in *Klopping* quotes the provision of article I, § 14 of the California Constitution that "Private property shall not be taken or damaged for public use without just compensation having been first made to . . . the owner . . . ." The opinion then says that "a variety of circumstances may actually becloud the proper valuation date. While in California this date is set by statute at the time the summons is issued (Code Civ. Proc. § 1249), depending on the nature of those activities occurring prior to the issuance of summons a different date

may be required in order to effectuate the constitutional requirement of just compensation." [8 Cal. 3d at 44, 500 P.2d at 1349, 104 Cal. Rptr. at 5.] The court held that the owner was entitled to the loss of rental income between the date of the precondemnation announcements and the date of summons caused by the announcements in addition to the value of the property on the date of summons and that recovery of both items of damage (loss of rental income and value of property) should have been accomplished in one action.

Application of the principles enunciated in *Klopping* to the facts of the present case inevitably leads to the conclusion that the landowners must be compensated for the difference between the cost of the new retaining wall and the amount allowed for the old wall.

I would reverse and allow the appellants the additional amount of $13,900, which represents the difference between the $19,700 cost of the new wall and $5,800 which was allowed for the old wall.