LAZY MOUNTAIN AVIATION, INC., Matanuska Air Service, Inc., Richard G. McAllister, LaVonna McAllister and Robert E. Christensen, Appellants,

v.

CITY OF PALMER, Appellee.

No. 4812.

Supreme Court of Alaska.

Oct. 24, 1980.

Charles E. Tulin, Ronald D. Flansburg, Anchorage, for appellants.

Paul Waggoner, Biss & Holmes, Anchorage, for appellee.

William F. Cummings, Asst. Atty. Gen., Avrum M. Gross, Atty. Gen., Juneau, for amicus curiae.

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.

OPINION

PER CURIAM.

This appeal arises from four consolidated eminent domain cases. On June 20, 1975, the City of Palmer ["City"] began filing condemnation actions for an airport expansion project. Complaints were issued pertaining to land owned by Lazy Mountain Aviation, Inc., Matanuska Air Service, Inc., Richard G. McAllister, LaVonna McAllister, and Robert E. Christensen [hereinafter "Landowners"]. After various delays a master's hearing to value the property condemned took place on September 21, 1976. Findings were issued on September 30, 1976.

On March 3, 1977, the superior court denied the Landowners' motion to advance

---

the valuation date.[1] The City deposited compensatory funds with the court on March 11, 1977, and the actions proceeded to trial utilizing the valuation date of June 26, 1975, the date of issuance of the summons, as mandated by AS 09.55.330.

The dispute on appeal concerns whether the Landowners should be entitled to recover increases in the value of the condemned property where a lengthy delay in payment of compensation follows commencement of an eminent domain action.

As indicated, AS 09.55.330 provides for property condemned in eminent domain proceedings to be valued as of the date the summons is issued. The Landowners argue that since the summons was issued on June 26, 1975, but the City did not deposit compensation with the court until March 11, 1977, application of the statute would be unconstitutional in this case. They contend that considerations of "just compensation"[2] require the court to award significant increases in property values due to an escalating market, either by advancing the valuation date to the date of trial or by taking judicial notice of the increased values.

■ Numerous cases from jurisdictions with similar statutes and constitutional provisions hold that the just compensation requirement is satisfied by fixing the valuation date as of the commencement of the action.[3]

■ We adhere to these authorities and uphold the constitutionality of AS 09.55.330 as applied in this case. An award of interest, less any rents and profits derived from the use of the property, is the appropriate way to compensate the landowner for the loss of use of the money owed him during the pendency of the action.[4] *Stewart and Grindle, Inc. v. State*, 524 P.2d 1242, 1246–48 (Alaska 1974).

We find no merit in the additional evidentiary points raised by the Landowners in this appeal. AFFIRMED.

BOOCHEVER, J., not participating.

1. AS 09.55.330 provides in part:

   *Compensation and damages.* For the purpose of assessing compensation and damages, the right to them accrues at the date of issuance of the summons and its actual value at that date is the measure of compensation of the property to be actually taken, and the basis of damages to property not actually taken but injuriously affected in the cases where the damages are allowed.

   The Landowners had moved to have the valuation date advanced from the statutorily mandated date of June 26, 1975 to May 1, 1976, hoping to take advantage of increased property values in the Palmer area.

2. Art. I, § 18 Alaska Constitution provides:

   *Eminent Domain.* Private property shall not be taken or damaged for public use without just compensation.

3. *See, e. g., Dong v. State*, 90 Ariz. 148, 367 P.2d 202 (1961); *Sacramento Terminal Co. v. McDougall*, 19 Cal.App. 562, 126 P. 503 (1912); *City of Los Angeles v. Gager*, 10 Cal.App. 378, 102 P. 17 (1909); *City and County of Honolulu v. Chun*, 54 Haw. 287, 506 P.2d 770 (1973); *State v. Coney*, 45 Haw. 650, 372 P.2d 348 (1962); *State ex rel. Moore v. Bastian*, 97 Idaho 444, 546 P.2d 399 (1976); *State Highway Comm'n v. District Court*, 160 Mont. 35, 499 P.2d 1228 (1972); *State v. Bettilyons, Inc.*, 17 Utah 2d 135, 405 P.2d 420 (1965), *cert. denied* 382 U.S. 1010, 86 S.Ct. 619, 15 L.Ed.2d 526 (1966); *State Road Comm'n v. Woolley*, 15 Utah 2d 248, 390 P.2d 860, 863 (1964).

Exceptions to this rule generally involve the presence of extraordinary circumstances, such as "freezing statutes," which allow the condemnor to set the value of the property taken prior to the initiation of the proceedings and thus manipulate compensation values to the detriment of the property owner. *See, e. g., State v. Griggs*, 89 Ariz. 70, 358 P.2d 174 (1960) ("condemnation blight" where the market value of land near a public works project declines due to the activity of the condemning authority); *See generally*, 4 Nichols, The Law of Eminent Domain § 12 (3d ed.rev. 1979); Annot. 36 A.L.R.3d 751.

4. We are aware that other methods exist to deal with delays between commencement of eminent domain actions and payment of compensation. For example, Cal.Code Civ.P. § 1249, similar in other respects to AS 09.55.330, was amended in 1911 to add the proviso "that in any case in which the issue is not tried within one year after the date of the commencement of the action, unless the delay is caused by the defendant, the compensation damages, shall be deemed to have accrued at the date of the trial." *See also* Uniform Eminent Domain Code, 1974 Act, §§ 1003–05, 13 ULA 100, 101–02 (Master Ed. 1975). However, absent constitutional problems, any change in the Alaska eminent domain scheme is for consideration by the legislature, not this court.