Gary LUNDGREN, Appellant,

v.

CITY OF WASILLA, an Alaskan
municipal corporation,
Appellee.

No. S–13108.

Supreme Court of Alaska.

Nov. 6, 2009.

Rehearing Denied Jan. 8, 2010.

Steven S. Tervooren, Hughes Pfiffner Gor-
ski Seedorf & Odsen, LLC, Anchorage, for
Appellant.

Gregory Miller, Birch, Horton, Bittner &
Cherot, Anchorage, for Appellee.

Before: FABE, Chief Justice,
EASTAUGH, CARPENETI, WINFREE,
and CHRISTEN, Justices.

*OPINION*

WINFREE, Justice.

## I. INTRODUCTION

A landowner challenged a municipality's
delay in replatting and providing an accurate
legal description of the land it took using its
power of eminent domain, alleging that it

unnecessarily interfered with his remainder property rights. As a remedy the landowner requested that the superior court dismiss the previously approved taking without prejudice or, alternatively, change the valuation date for determining just compensation. The superior court denied this motion. Because the superior court did not err in denying the landowner's motion, we affirm its decision.

## II. FACTS AND PROCEEDINGS

In December 2002, as a part of its plan to construct certain roads, railroad crossings, a sports complex, and an expansion of the Wasilla Airport, the City of Wasilla commenced a taking of nine parcels of land belonging to Gary Lundgren. In January 2003 the City gave notice that it intended to dismiss three of the parcels from its declaration of taking and from its eminent domain complaint.[1]

In March 2003 the superior court concluded that the City had established both the required authority and necessity to effect a taking of the remaining six parcels. The superior court ordered that title and possession to the six parcels be vested in the City; Lundgren did not appeal from this final judgment.[2] The court retained jurisdiction to adjudicate the amount of just compensation for both the six parcels taken and the three parcels temporarily taken. In October 2006 the superior court appointed a special master to determine the compensation due Lundgren.

In December 2006 Lundgren filed a motion seeking alternative relief: a dismissal of the taking without prejudice or a ruling that valuation should be based not on the date of taking but rather on a later date. Lundgren argued that the City had violated AS 09.55.275 by "leaving him with an other-wise unlawful, un-platted remainder"—noting that after filing the declaration of taking the City did not receive preliminary replat approval for seven months or record a final replat for three years.[3] The superior court denied the motion in June 2007.

Also in June 2007 the special master's report was issued, identifying both the December 2002 date for the permanent taking, and an initial temporary taking of the three parcels from that same date through February 2, 2004 (when the court formally approved the removal of the three parcels from the taking). The special master also noted "a secondary temporary taking" for two of the three parcels lasting from February 2, 2004, through May 1, 2007. The special master explained his finding of a second temporary taking by emphasizing that the City had failed to provide "a proper plat of survey" reflecting these parcels, such that it was "impossible for the property owner to dispose of the land or survey the parcel himself since the City was in the process of platting the land and there were discrepancies in the surveys."

In October 2007 the City paid the entire amount of compensation indicated in the special master's report, as well as prejudgment interest. In April 2008 the superior court issued a stipulated final judgment confirming that: (1) the City would pay Lundgren attorney's fees under Alaska Rule of Civil Procedure 72(k); (2) platting authority rested with the Borough and that the final replat was in conformity with the court's order; and (3) title to the six parcels (as described in an attachment to the final judgment) was fully vested in the City.

Lundgren appeals only one issue: the superior court's denial of his December 2006

1. The remaining parties stipulated to this partial dismissal in January 2004, and in February 2004 the superior court approved the City's dismissal of the taking of these parcels.

2. In the spring of 2003 the City began construction on the sports complex, which occupied several of the parcels taken from Lundgren. By the spring of 2004 the sports complex was completed.

3. Prior to a statutory amendment in 2004, AS 09.55.275 required a condemnor to obtain pre-liminary plat approval before acquiring land through eminent domain. AS 09.55.275 (2003); *Mun. of Anchorage v. Suzuki,* 41 P.3d 147, 149 (Alaska 2002). But Lundgren neither raised an objection about the platting process before, nor filed an appeal from, the entry of final judgment granting title and possession to the City. Neither the pre–2004 nor the 2004 version of the statute prescribed a definite deadline for filing a final replat. AS 09.55.275 (2003); ch. 96, § 2, SLA 1975; AS 09.55.275 (2004); ch. 32, § 2, SLA 2004; *Hillstrand v. City of Homer,* 218 P.3d 685, 691 (Alaska 2009).

motion for dismissal or an alternative valuation date.

## III. STANDARD OF REVIEW

 We apply our independent judgment to the interpretation of statutes and to our review of the superior court's rulings of law.[4] We review questions of constitutional law de novo, adopting "the rule of law that is most persuasive in light of precedent, reason, and policy."[5]

## IV. DISCUSSION

 We recently provided an overview of the eminent domain process in *Hillstrand v. City of Homer*[6] and we do not repeat it here. We simply note that: (1) the process occurs in two phases; (2) in the first phase the superior court determines whether the condemnor had authority to take the property and whether the taking was necessary; and (3) in the second phase the superior court determines the appropriate compensation to be paid for the taking.[7]

At oral argument before this court Lundgren's attorney rightfully conceded that the actual taking of Lundgren's property occurred in December 2002. This inescapably leads to the conclusion that the superior court did not err in denying Lundgren's motion for a dismissal of the taking or an alternative valuation date.

 First, the superior court overruled Lundgren's objections to the taking in March 2003, and Lundgren did not appeal that decision.[8] The superior court vested legal title in the City at that time,[9] and subsequent construction of the sports complex and related facilities established actual, as well as legal, possession. Rule 72(i)(3) provides that a "court may not dismiss the action as to any part of the property of which the plaintiff has taken possession or ... title ... but shall award just compensation." The superior court therefore did not err in denying Lundgren's December 2006 request for a dismissal of the taking.

 Second, Alaska law provides that the valuation date for a taking is the date of the issuance of the summons,[10] which in this case was in December 2002. We have held this rule valid under the Alaska Constitution,[11] and the United States Supreme Court also has held that "just compensation" is best determined on the date of appropriation.[12] The superior court therefore did not err in denying Lundgren's request for an alternative valuation date.

We note that Lundgren was not without a remedy for the alleged interference with his remainder property rights. He could have pursued additional temporary taking or interference damages, such as those awarded by the special master to compensate for the second temporary taking of two of his other three parcels. Although our recent opinion in *Hillstrand* makes clear that the current statutes governing eminent domain do not establish timelines or deadlines for required

---

**4.** *Suzuki,* 41 P.3d at 150 (citing *Cissna v. Stout,* 931 P.2d 363, 366 (Alaska 1996)); *R & Y, Inc. v. Mun. of Anchorage,* 34 P.3d 289, 293 (Alaska 2001).

**5.** *R & Y, Inc.,* 34 P.3d at 293.

**6.** 218 P.3d 685.

**7.** *See id.* at 690.

**8.** The City asserts that Lundgren actually is now belatedly appealing the superior court's March 2003 order authorizing the City's taking, a final judgment requiring an appeal within thirty days. Because Lundgren's December 2006 motion did not dispute issues of authority, necessity, or possession and because it addressed issues that developed following the superior court's March 2003 order, this appeal is not untimely.

**9.** *See* AS 09.55.440(a); AS 09.55.460(b).

**10.** AS 09.55.330 ("For the purpose of assessing compensation and damages, the right to them accrues at the date of issuance of the summons, and its actual value at that date is the measure of compensation of the property to be actually taken, and the basis of damages to property not actually taken but injuriously affected in the cases where the damages are allowed.").

**11.** *Lazy Mountain Aviation, Inc. v. City of Palmer,* 618 P.2d 570, 571 (Alaska 1980) ("Numerous cases from jurisdictions with similar statutes and constitutional provisions hold that the just compensation requirement is satisfied by fixing the valuation date as of the commencement of the action.").

**12.** *Kirby Forest Indus. v. United States,* 467 U.S. 1, 10, 104 S.Ct. 2187, 81 L.Ed.2d 1 (1984) ("'Just compensation,' we have held, means in most cases the fair market value of the property on the date it is appropriated.").

plattings,[13] we see no reason why a claim for compensation for a temporary taking, such as that awarded by the special master for the failure to timely file a replat, would be unsustainable. Further compensation in this case might well have been appropriate on a showing that the City unreasonably interfered with Lundgren's remainder property rights in a manner that was not addressed by the special master's award for the actual taking.[14] But Lundgren did not make this argument to the special master or the superior court, and therefore it is not before us in this appeal.

## V. CONCLUSION

We AFFIRM the superior court's denial of Lundgren's December 2006 motion for a dismissal or an alternative valuation date.

13. 218 P.3d at 691.

14. *See State v. Hammer*, 550 P.2d 820, 823–27 (Alaska 1976) (allowing a lessor of property to recover damages for disruption of his business because "our principle of compensation, ... instead of looking at the benefit to the condemnor as a measure of compensation, looks to the loss to the owner, as measured by an objective standard").